# EXHIBIT A



**AST / ALL**
**Transmittal Number: 18304329**
**Date Processed: 06/14/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ross W McLinden<br>Better Business Systems Inc.<br>175 N 27th St<br>Ste 800<br>Billings, MT 59101-2065 |
| **Electronic copy provided to:** | Rachelle Park |

| | |
|---|---|
| **Entity:** | Avitus, Inc.<br>Entity ID Number  3073053 |
| **Entity Served:** | Avitus, Inc. |
| **Title of Action:** | De'von Walker vs. Scoobeez |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC707663 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/13/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Roman Shkodnik<br>818-230-8380 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**By Fax**

1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  david@yeremianlaw.com
   Roman Shkodnik (SBN 285152)
3  roman@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  DAVTYAN PROFESSIONAL LAW CORPORATION
   Emil Davtyan (SBN 299363)
7  emil@davtyanlaw.com
   21900 Burbank Blvd., Suite 300
8  Woodland Hills, California 91367
   Telephone: (818) 992-2935
9  Facsimile: (818) 975-5525

10 Attorneys for Plaintiff DE'VON WALKER,
   on behalf of himself and others similarly situated
11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                 FOR THE COUNTY OF LOS ANGELES

14 DE'VON WALKER, on behalf of himself    Case No. BC 707663
   and others similarly situated,
15                                        CLASS ACTION
                 Plaintiff,
16                                        Assigned for All Purposes To:
          vs.                            Hon.
17                                        Dept.:
   SCOOBEEZ, a California corporation;
18 AVITUS, INC., a Montana corporation;   **CLASS ACTION COMPLAINT FOR:**
   AVITUS GROUP., an unknown business
19 entity; SCOOBEEZ, INC. CORP LA., a     1.  Failure to Pay Wages Under the FLSA,
   business entity of unknown form;  and DOES     29 USC §§ 206, 207;
20 1 through 50, inclusive,              2.  Failure to Pay Minimum Wages;
                                          3.  Failure to Pay Wages and Overtime
21               Defendants.                 Under Labor Code § 510;
                                          4.  Meal-Period Liability Under Labor
22                                           Code § 226.7;
                                          5.  Rest-Break Liability Under Labor Code
23                                           § 226.7;
                                          6.  Violation of Labor Code § 226(a);
24                                        7.  Reimbursement of Necessary
                                             Expenditures Under Labor Code § 2802;
25                                        8.  Violation of Labor Code § 221;
                                          9.  Penalties Pursuant to Labor Code § 203;
26                                        10. Violation of Business & Professions Code
                                             § 17200 et seq.
27

28                                        **DEMAND FOR JURY TRIAL**

---
- 1 -
COMPLAINT

**FILED**
Superior Court of California
County of Los Angeles

MAY 29 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
   Britny Smith

5SC-12

CIT/CASE:  BC707663
LEA/DEF#:

RECEIPT #:  CCH612315038
DATE PAID: 05/29/18   03:19 PM
PAYMENT:  $1,435.00            310
RECEIVED:
          CHECK:          $1,435.00
          CASH:               $0.00
          CHANGE:             $0.00
          CARD:               $0.00

05/30/2018

1      Plaintiff DE'VON WALKER, (hereinafter "Plaintiff") on behalf of himself and all others

2 similarly situated (collectively, "Employees"; individually, "Employee") complains of

3 Defendants, and each of them, as follows:

**INTRODUCTION**

5     1.     Plaintiff brings this action on behalf of himself and all current and former

6 employees within the State of California who, at any time four (4) years prior to the filing of this

7 lawsuit, are or were employed as non-exempt hourly employees by Defendants SCOOBEEZ,

8 AVITUS, INC., AVITUS GROUP, SCOOBEEZ, INC. CORP LA, and DOES 1 through 50 (all

9 defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that

10 Defendants, and each of them, violated various provisions of the California Labor Code, relevant

11 orders of the Industrial Welfare Commission (IWC), the Fair Labor Standards Act ("FLSA") and

12 California Business & Professions Code, and seeks redress therefore.

13     2.     Plaintiff is a resident of California and during the time period relevant to this

14 Complaint was employed by Defendants as a non-exempt hourly employee within the State of

15 California at Defendants' facilities and offices in Los Angeles, California. Plaintiff and the other

16 Class members worked for Defendants as drivers in Los Angeles County, throughout California

17 and the rest of the United States, and consistently worked at Defendants' behest without being

18 paid all wages due. More specifically, Plaintiff and the other similarly situated Class members

19 were employed by Defendants and worked at Defendants' offices and other facilities where the

20 conduct giving rise to the allegations in this Class Action Complaint occurred. Upon information

21 and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and

22 responsibilities, (2) was subjected to the same policies and practices, and (3) endured similar

23 violations at the hands of Defendants as the other Employee Class members who served in similar

24 and related positions.

25     3.     Defendants required Plaintiff and the Employees in the Class to perform work

26 while remaining under Defendants' control before and after being on the clock for their daily work

27 shift. Defendants thus failed to pay Plaintiff and the Class members for all hours worked, and

28 provided them with inaccurate wage statements that prevented Plaintiff and the Class from

1  learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class

2  with lawful meal and rest periods, as employees were not provided with the opportunity to take

3  timely, uninterrupted, and duty-free meal and rest periods as required by the Labor Code.

**THE PARTIES**

4

5  **A. The Plaintiff**

6      4.      Plaintiff De'von Walker has resided in California and during the time period

7  relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within

8  the State of California at Defendants' facilities and offices in Los Angeles, California.

9  **B. The Defendants**

10      5.      Defendant SCOOBEEZ is a California corporation with its principle executive

11 offices in Pasadena, California, and has been listed as the employer on the wage statements issued

12 to Plaintiff during the relevant time period. SCOOBEEZ lists a California address in Pasadena,

13 California with the California Secretary of State, and employs Plaintiff and the Class members in

14 Los Angeles County, including at Defendants' offices and facilities in Los Angeles, California,

15 and throughout California and conducts business throughout California.

16      6.      Defendant AVITUS, INC. is a Montana corporation with its principle executive

17 offices in Billings, Montana, and has been listed as the employer on the wage statements issued to

18 Plaintiff during the relevant time period. AVITUS, INC. does not list a California address with the

19 California Secretary of State, but upon information and belief, employs Plaintiff and the Class

20 members in Los Angeles County, including at Defendants' offices and facilities in Los Angeles,

21 California, and throughout California and conducts business throughout California.

22      7.      Defendant AVITUS GROUP is an unknown business entity, and has been listed as

23 the employer on the wage statements issued to Plaintiff during the relevant time period. AVITUS

24 GROUP does not list a California address with the California Secretary of State, but upon

25 information and belief, employs Plaintiff and the Class members in Los Angeles County,

26 including at Defendants' offices and facilities in Los Angeles, California, and throughout

27 California and conducts business throughout California.

28      8.      Defendant SCOOBEEZ, INC. CORP LA. is a business entity of unknown form,

- 3 -
COMPLAINT

1  and has been listed as the employer on the employee and understanding agreement that was signed

2  by SCOOBEEZ, INC. CORP LA. and issued to Plaintiff during the relevant time period.

3  SCOOBEEZ, INC. CORP LA. does not list a California address with the California Secretary of

4  State, but upon information and belief, employs Plaintiff and the Class members in Los Angeles

5  County, including at Defendants' offices and facilities in Los Angeles, California, and throughout

6  California and conducts business throughout California.

7       9.      The true names and capacities, whether individual, corporate, associate, or

8  whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

9  unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

10  Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

11  designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

12  some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

13  this Complaint to reflect the true names and capacities of the Defendants designated herein as

14  Does 1 through 50 when their identities become known.

15       10.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in

16  all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

17  out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

18  each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

19  all respects as the employers or joint employers of Employees. Defendants, and each of them,

20  exercised control over the wages, hours or working conditions of Employees, or suffered or

21  permitted Employees to work, or engaged, thereby creating a common law employment

22  relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

23  employed Employees.

24                          **JURISDICTION AND VENUE**

25       11.     This Court has jurisdiction over this Action pursuant to California Code of Civil

26  Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought

27  as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

28  Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district

- 4 -
COMPLAINT

1  pursuant to California Code of Civil Procedure § 395 et seq. Upon information and belief, the

2  obligations and liabilities giving rise to this lawsuit occurred at least in part in Los Angeles

3  County and Defendants maintain and operate company offices and facilities in Los Angeles

4  County, and employ Plaintiff and other Class members in Los Angeles County and throughout

5  California.

6  **FACTUAL BACKGROUND**

7      12.     The Employees who comprise the Class and collective, including Plaintiff, are

8  nonexempt employees pursuant to the applicable Wage Order of the IWC and applicable federal

9  regulations. Defendants hire Employees who work in non-exempt positions at the direction of

10  Defendants in the State of California and throughout the United States. Plaintiff and the Class

11  members were either not paid by Defendants for all hours worked or were not paid at the

12  appropriate minimum, regular and overtime rates. Plaintiff also contends that Defendants failed to

13  pay Plaintiff and the Class members all wages due and owing, including by making unlawful

14  deductions from their pay, failed to provide meal and rest breaks, and failed to furnish accurate

15  wage statements, all in violation of various provisions of the California Labor Code and applicable

16  Wage Orders, and the FLSA where applicable.

17      13.     During the course of Plaintiff and the Class members' employment with

18  Defendants, they were not paid all wages they were owed, including for all work performed

19  (resulting in "off the clock" work) and for all overtime hours worked and were forced to work

20  off-the-clock to keep labor budgets low. For example, Defendants required many of the

21  Employee Class members to work fourteen hours a day delivering packages. Even though

22  Employee Class members were only scheduled for ten hours, Defendants' managers regularly

23  required off the clock work by the Employees.

24      14.     As a matter of uniform Company policy, Plaintiff and the Class members were

25  required to work off the clock which was not compensated by Defendants in violation of the

26  California Labor Code and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201

27  et seq. Plaintiff and the Class members were also not paid regular wages and overtime for the

28  time they were required to comply with other requirements imposed upon them, which they had

- 5 -
**COMPLAINT**

1    to complete while off-duty and without compensation. Plaintiff and the Class members were
2    sometimes asked to work shifts over eight (8) hours in a day and to work over forty (40) hours in
3    a work week, but they were not paid at the appropriate overtime rate for all such hours, including
4    by being required to perform work duties and tasks without pay and while off-the-clock. As a
5    result, Plaintiff and the Class members worked substantial overtime hours during their
6    employment with Defendants for which they were not compensated, in violation of the California
7    Labor Code and the FLSA.

8         15.    As a result of the above described unlawful requirements to work off the clock, the
9    failure to calculate and pay wages at the correct rates, the daily work demands and pressures to
10   work through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff
11   and the Class members were not properly paid for all wages earned and for all wages owed to
12   them by Defendants, including when working more than eight (8) hours in any given day and/or
13   more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and
14   practices, Plaintiff and Class members incurred overtime hours worked for which they were not
15   adequately and completely compensated, in addition to the hours they were required to work off
16   the clock. To the extent applicable, Defendants also failed to pay Plaintiff and the Class members
17   at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive
18   work day in a week and overtime payments at the rate of 2 times the regular rate for hours
19   worked over eight (8) on the seventh consecutive work day, as required under the Labor Code
20   and applicable IWC Wage Orders.

21        16.    Therefore, from at least four (4) years prior to the filing of this lawsuit and
22   continuing to the present, Defendants had a consistent policy or practice of failing to pay
23   Employees for all hours worked, and failing to pay minimum wage for all time worked as required
24   by California Law.

25        17.    Also, from at least four (4) years prior to the filing of this lawsuit and continuing to
26   the present, Defendants had a consistent policy or practice of failing to pay Employees overtime
27   compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day
28   and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12)

- 6 -
COMPLAINT

1  hours a day, in violation of <u>Labor Code § 510</u> and the corresponding sections of IWC Wage

2  Orders.

3      18.    Furthermore, during the three years immediately preceding the filing of the

4  Complaint in this action and within the statute of limitations periods applicable to the First Cause

5  of Action pled herein, Defendants employed Plaintiff and other Class members within the United

6  States (collectively "FLSA Collective Members"). FLSA Collective Members were, and are,

7  victims of Defendants' policies and/or practices complained of herein, lost money and/or property,

8  and have been deprived of the rights guaranteed to them by the FLSA, as addressed in further

9  detail herein. The FLSA Collective Members include Defendants' current and former Employees

10 who worked based out of any of Defendants' locations throughout the United States, including in

11 California.

12     19.    Also, from at least four (4) years prior to the filing of this lawsuit and continuing to

13 the present, Defendants have regularly required Employees to work shifts in excess of five (5)

14 hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes,

15 and shifts in excess of ten (10) hours without providing them with second meal periods of not less

16 than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at

17 each Employee's effective hourly rate of pay, for each meal period that Defendants failed to

18 provide or deficiently provided.

19     20.    Also, from at least four (4) years prior to the filing of this lawsuit and continuing to

20 the present, Defendants have consistently failed to provide Employees with paid rest breaks of not

21 less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did

22 Defendant pay Employees premium pay for each day on which requisite rest breaks were not

23 provided or were deficiently provided. Employees were also required to clock out during their

24 paid rest breaks thus denying them wages for said breaks which they were systematically denied.

25     21.    Also, from at least four (4) years prior to the filing of this lawsuit and continuing to

26 the present, Defendants have consistently and unlawfully collected or received wages from

27 Employees by making automatic deduction from Employees' wages for alleged meal periods

28 which Employees were consistently denied.

- 7 -
COMPLAINT

22. Also, from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws.

23. Also, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have failed to reimburse Employees for expenses necessarily incurred in the performance of their job duties for Defendants including, but not limited to, the cost of cell phone usage which were necessary to perform their duties under Defendants' employ which was used throughout the course of Employees' duties under Defendants' employ in violation of Labor Code § 2802.

24. Also, from at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

25. In light of the foregoing, Employees bring this action pursuant to, inter alia, Labor Code §§ 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1185, 1194, 1197, 1194.2, 1199, and 2802.

26. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code.

27. The Fair Labor Standards Act: The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. (hereinafter referred to as "FLSA"), provides for minimum standards for both minimum and regular wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue in this Complaint. According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods. Defendants violated the FLSA with the above described unlawful wage payment practices,

- 8 -
COMPLAINT

1    including by not paying Employees for all hours worked at the required minimum and regular

2    wage and for all overtime for hours worked over 40 in a workweek.

3                               **CLASS ALLEGATIONS**

4        28.     Plaintiff brings this class action on behalf of himself an all others similarly situated

5    pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a class defined as follows:

6    all individuals employed by Defendants, at any time within four (4) years of the filing of this

7    lawsuit, and have been employed by Defendants within the State of California.

8        29.     Further, plaintiff seeks to represent the following Subclasses composed of and

9    defined as follows:

10        a.     Subclass 1. Minimum Wages Subclass. All Class members who were not

11    compensated for all hours worked for Defendants at the applicable minimum wage.

12        b.     Subclass 2. Wages and Overtime Subclass. All Class members who were not

13    compensated for all hours worked for Defendants at the required rates of pay, including for all

14    hours worked in excess of eight in a day and/or forty in a week.

15        c.     Subclass 3. Meal Period Subclass. All Class members who were subject to

16    Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty

17    free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

18        d.     Subclass 4. Rest Break Subclass. All Class members who were subject to

19    Defendants' policy and/or practice of failing to authorize and permit Employees to take

20    uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

21    thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

22        e.     Subclass 5. Wage Statement Subclass. All Class members who, within the

23    applicable limitations period, were not provided with accurate itemized wage statements.

24        f.     Subclass 6. Unauthorized Deductions from Wages Subclass. All Class members

25    who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes

26    worth of wages from Employees for alleged meal periods they were denied and/or by understating

27    the hours worked by Employees.

28        g.     Subclass 7. Failure to Reimburse for Necessary Business Expenditures. All Class

1  members  who were subject to Defendants failing to reimburse for expenses necessarily incurred

2  in the performance of Employees job duties for Defendants  which were necessary to perform their

3  duties under Defendants' employ.

4      h.    Subclass 8. Termination Pay Subclass. All Class members who, within the

5  applicable limitations period, either voluntarily or involuntarily separated from their employment

6  and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

7  termination.

8      i.    .  Subclass 9. UCL Subclass. All Class members who are owed restitution as a

9  result of Defendants' business acts and practices, to the extent such acts and practices are found to

10  be unlawful, deceptive, and/or unfair.

11      30.    Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a

12  collective defined as: "All current and former non-exempt employees who worked for Defendant

13  at any time during the period of three (3) years prior to the filing of this lawsuit and ending on a

14  date as determined by the Court" (the "FLSA Collective"). The FLSA Collective Members

15  include of all Defendants' current and former non-exempt employees who worked based out of

16  any of Defendants' locations throughout the United States, including in California. Defendants are

17  liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and FLSA Collective

18  Members for all hours worked.

19      31.    Plaintiff reserves the right under California Rule of Court 3.765 to amend or

20  modify the class description with greater particularity or further division into subclasses or

21  limitation to particular issues.

22      32.    This action has been brought and may properly be maintained as a class action

23  under the provisions of Code of Civil Procedure § 382 because there is a well-defined community

24  of interest in litigation and proposed class is easily ascertainable.

25      **A.    Numerosity**

26      33.    The potential members of the class as defined are so numerous that joinder of all

27  the member of the class is impracticable. While the precise number of class member has not been

28  determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

- 10 -
COMPLAINT

1   time period relevant to this lawsuit, employed more than 40 individuals were employed by

2   Defendant's within the State of California.

3       34.    Accounting for employee turnover during the relevant time period increases this

4   number substantially. Plaintiff alleges that Defendants' employment records will provide

5   information as to the number and location of all class members.

6   **B.**    **Commonality**

7       35.    There are questions of law and fact common to the class that predominate over any

8   questions affecting only individual class members. These common questions of law and fact

9   include:

10      a.    Whether Defendants failed to pay Employees minimum wages;

11      b.    Whether Defendants failed to pay Employees wages for all hours worked and for

12          rest breaks;

13      c.    Whether Defendants failed to pay Employees overtime as required under Labor

14          Code § 510;

15      d.    Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable

16          IWC Wage Orders, by failing to provide Employees with requisite meal periods or

17          premium pay in lieu thereof;

18      e.    Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage

19          Orders, by failing to provide Employees with requisite rest breaks or premium pay

20          in lieu thereof;

21      f.    Whether Defendants violated Labor Code § 226(a);

22      g.    Whether Defendants violated Labor Code § 221;

23      h.    Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay

24          wages and compensation due and owing at the time of termination of employment;

25      i.    Whether Defendants failed to reimburse Employees for necessary business

26      j.    Whether Defendants violated Business and Professions Code § 17200 et seq.; and

27      k.    Whether Employees are entitled to equitable relief pursuant to Business and

28          Professions Code § 17200 et seq.

- 11 -
COMPLAINT

1    **C.    Typicality**

2        36.    The claims of the named plaintiff are typical of those of the other Employees.

3    Employees all sustained injuries and damages arising out of and caused by Defendant's common

4    course of conducts in violation of statutes, as well as regulations that have the force and effect of

5    law, as alleged herein.

6    **D.    Adequacy of Representation**

7        37.    Plaintiff will fairly and adequately represent and protect the interest of Employees.

8    Counsel who represents Employees are experienced and competent in litigating employment class

9    actions.

10    **E.    Superiority of Class Action**

11        38.    A class action is superior to other available means for the fair and efficient

12    adjudication of this controversy. Individual joinder of all Employees is not practicable, and

13    questions of law and fact common to all Employees predominate over any questions affecting only

14    individual Employees. Each Employee has been damaged and is entitled to recovery by reason of

15    Defendants' illegal policies or practices of failing to compensate Employees properly.

16        39.    Class action treatment will allow those persons similarly situated to litigate their

17    claims in the manner that is most efficient and economical for the parties and the judicial system.

18    Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

19    **FIRST CAUSE OF ACTION**

20    **FOR FAILURE TO PAY WAGES UNDER THE FLSA**

21    **(Against All Defendants)**

22        40.    Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

23    full herein.

24        41.    At all relevant times hereto, Defendants have been an "enterprise engaged in

25    commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

26        42.    Plaintiffs are informed and believe, and thereon allege, that Defendants have

27    required the Plaintiffs and FLSA collective Employees as part of their employment to work off

28    the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1).  That Section provides

- 12 -
COMPLAINT

1  the following:

> Every employer shall pay to each of his employees who in any
> workweek is engaged in commerce or in the production of goods
> for commerce, or is employed in an enterprise engaged in
> commerce or in the production of goods for commerce, wages at
> the following rates:
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;…

43.   Plaintiff is informed and believes, and thereon alleges, that certain or all of the

Employees were not exempt employees under the FLSA's overtime provisions and that

Defendants also required Plaintiffs and require the FLSA collective Employees to work without

overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That

Section provides the following:

> Except as otherwise provided in this section, no employer shall
> employ any of his employees ... for a workweek longer than forty
> hours unless such employee receives compensation for his
> employment in excess of the hours above specified at a rate which
> is not less than one and one-half times the regular rate at which he
> is employed.

44.   In the performance of their duties for Defendants, Employees as members of the

FLSA collective often did work off the clock and over forty (40) hours per week, received non-

hourly payments that were not incorporated by Defendants into the regular rate used to calculate

and pay overtime compensation, and did not receive minimum wages and other required

compensation for the work, labor and services they provided to Defendants, as required by the

FLSA, 29 U.S.C. §§ 206 and 207, due to Defendants' policy and practice by operating under a

policy of not paying overtime.

45.   At all times relevant to this action, Plaintiffs were an "employee" of Defendants

within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA. At all times relevant to this action,

Defendants "suffered or permitted" Plaintiffs and the FLSA Collective Members to work and

thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA. At all times

relevant to this action, Defendants required Plaintiffs and FLSA Collective Members to perform

- 13 -
COMPLAINT

1    work under Defendants employ but failed to pay them the federally mandated wages and

2    overtime compensation for all services performed.

3        46.    The precise amount of unpaid wages and unpaid hours will be proven at trial, as

4    will the extent of the geographic scope of the FLSA Collective, as Defendants maintain

5    operations in California but also in other states throughout the United States. Upon information

6    and belief, Employees of Defendants in other states besides California were also subject to the

7    same uniform and unlawful company policies and practices as were the members of the FLSA

8    Collective employed in California, as addressed herein.

9        47.    The FLSA also imposes a record-keeping requirement on employers, including

10   the obligation to keep accurate records of all hours worked by employees. Defendants have

11   knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve

12   accurate records of all hours worked by Plaintiffs and FLSA Collective Members. By failing to

13   record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective

14   Members, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

15       48.    Plaintiffs propose to undertake appropriate proceedings to have such FLSA Class

16   members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and

17   to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. §

18   216(b), by filing written consents to joinder with the Court.

19       49.    Defendants' violations of the FLSA were willful within the meaning of the statue

20   and interpretive case law and decisions.

21       50.    Plaintiffs seek judgment against Defendants on their own behalf and on behalf of

22   those FLSA collective employees similarly situated who file written consents to joinder in this

23   action, for all unpaid wages, including minimum and overtime wages owed by Defendants,

24   pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as

25   liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29

26   U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent

27   jurisdiction by any one or more employees for and in behalf of himself or themselves and other

28   employees similarly situated."

- 14 -
COMPLAINT

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

51. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

52. Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees time records and failing to pay Employees for all hours worked. Employees would work hours and not receive wages. Additionally, Defendants had a consistent policy of failing to pay Employees for hours worked during alleged meal and rest periods for which Employees were consistently denied (see infra).

53. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

54. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are therefore entitled to double the minimum wage during the relevant period.

55. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

56. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

57. California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover

- 15 -

COMPLAINT

1    liquidated damages in an amount equal to the wages unlawfully
     unpaid and interest thereon.

2

3    58.    Defendants have the ability to pay minimum wages for all time worked and have

4    willfully refused to pay such wages with the intent to secure for Defendants a discount upon this

5    indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

6    59.    Defendants had a common policy and practice of failing to pay Employees

7    minimum wages. Specifically, Defendants had a common policy and practice of understating

8    Employees time worked. Employees were required to clock out during their paid rest breaks which

9    they were systematically denied. As rest breaks are separately compensated at no less than the

10   minimum wage, Defendants failed to pay Employees minimum for such time worked.

11   60.    Wherefore, Employees are entitled to recover the unpaid minimum wages

12   (including double minimum wages), liquidated damages in an amount equal to the minimum

13   wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant

14   to California Labor Code § 1194(a).

15                          **THIRD CAUSE OF ACTION**

16   **FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

17                            **(Against All Defendants)**

18   61.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

     full herein.

19

20   62.    By their conduct, as set forth herein, Defendants violated California Labor Code §

21   510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees:

22   (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a

23   workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked

24   on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours

25   worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight

26   (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not

27   paying Employees wages for all hours worked. Employees regularly worked over 8 hours or in

28   excess of twelve (12) hours on a given day without receiving overtime compensation.

                                    - 16 -
                                  COMPLAINT

1    Additionally, Defendants consistently deducted time from Employees time cards for rest periods,

2    which Employees were regularly denied.

3         63.     Defendants' failure to pay compensation in a timely fashion also constituted a

4    violation of California Labor Code § 204, which requires that all wages shall be paid

5    semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct

6    violation of that provision of the California Labor Code, Defendants have failed to pay all wages

7    and overtime compensation earned by Employees. Each such failure to make a timely payment of

8    compensation to Employees constitutes a separate violation of California Labor Code § 204.

9         64.     Defendants had a common policy and practice of failing to pay Employees proper

10   overtime wages. Specifically, the uncompensated working time, discussed above, was worked by

11   Employees in excess of eight (8) hours a day and/or forty (40) hours a week, entitling Employees

12   overtime wages which they were systematically denied.

13        65.     Employees have been damaged by these violations of California Labor Code §§

14   204 and 510 (and the relevant orders of the Industrial Welfare Commission).

15        66.     Consequently, pursuant to California Labor Code §§ 204, 510, and 1194 (and the

16   relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for

17   the full amount of all their unpaid wages and overtime compensation, with interest, plus their

18   reasonable attorneys' fees and costs.

19   **FOURTH CAUSE OF ACTION**

20   **MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

21   **(Against All Defendants)**

22        67.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

23   full herein.

24        68.     Employees regularly worked shifts greater than five (5) hours and greater than ten

25   (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of

26   more than five (5) hours without providing him or her with a meal period of not less than thirty

27   (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second

28   meal period of not less than thirty (30) minutes.

- 17 -
COMPLAINT

69.     Defendants failed to provide Employees with meal periods as required under the Labor Code. Employees were consistently required to work through their meal periods which they were consistently denied. Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law.

70.     Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

71.     Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

## FIFTH CAUSE OF ACTION

## REST-BREAK LIABILITY UNDER LABOR CODE § 226.7

### (Against All Defendants)

72.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

73.     Employees consistently worked consecutive four (4) hour shifts. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

74.     Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

75.     Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

76.     Defendants had a common police and practice of failing to provide Employees with compliant rest breaks. Specifically, A Employees were required to clock out during the rest breaks, thus never receiving paid rest breaks in accordance with the Labor Code and applicable IWC Wage Orders.

77.     Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in

- 18 -
COMPLAINT

1  an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day

2  worked without the required rest breaks, a sum to be proven at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF <u>LABOR CODE § 226(a)</u>

#### (Against All Defendants)

6  78.   Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

7  full herein.

8  79.   California <u>Labor Code § 226(a)</u> requires an employer to furnish each of his or her

9  employees with an accurate, itemized statement in writing showing the gross and net earnings,

10  total hours worked, and the corresponding number of hours worked at each hourly rate; these

11  statements must be appended to the detachable part of the check, draft, voucher, or whatever else

12  serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

13  statements may be given to the employee separately from the payment of wages; in either case the

14  employer must give the employee these statements twice a month or each time wages are paid.

15  80.   Defendants failed to provide Employees with accurate itemized wage statements in

16  writing, as required by the Labor Code. Specifically, the wage statements given to Employees by

17  Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal

18  periods and rest breaks, and automatically deducted wages for alleged meal periods, all of which

19  Defendants knew or reasonably should have known were owed to Employees, as alleged

20  hereinabove.

21  81.   As a direct and proximate cause of Defendants' violation of <u>Labor Code § 226(a)</u>,

22  Employees suffered injuries, including among other things confusion over whether they received

23  all wages owed them, the difficulty and expense involved in reconstructing pay records, and

24  forcing them to make mathematical computations to analyze whether the wages paid in fact

25  compensated them correctly for all hours worked.

26  82.   Pursuant to <u>Labor Code §§ 226(a)</u> and <u>226(e)</u>, Employees are entitled to recover

27  the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

28  occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

1    exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an

2    award of costs and reasonable attorneys' fees.

3                              **SEVENTH CAUSE OF ACTION**

4      **FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

5                **IN VIOLATION OF LABOR CODE § 2802**

6                        **(Against All Defendants)**

7         83.      Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in

8    full herein.

9         84.      Under Labor Code § 2802(a) an employer must indemnify its employees for all

10    necessary expenditures or losses incurred by the employee in direct consequence of the discharge

11    of his or her duties, or of his or her obedience to the directions of the employer.

12         85.      Employees incurred necessary expenditures in the performance of their job duties

13    for Defendants, namely the cost of cell phone usage which were necessary to perform their duties

14    under Defendants' employ. From four (4) years prior to the original filing of this lawsuit and

15    continuing to the present, Defendants consistently failed to reimburse Employees for these

16    necessarily incurred business expenses.

17         86.      As a result of the unlawful acts of Defendants, Employees have been deprived of

18    reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts,

19    plus interest and penalties thereon, attorneys' fees, and costs.

20                              **EIGHTH CAUSE OF ACTION**

21                  **VIOLATION OF LABOR CODE § 221**

22                        **(Against All Defendants)**

23         87.      Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

24    full herein.

25         88.      Labor Code § 221 provides, "It shall be unlawful for any employer to collect or

26    receive from an employee any part of wages theretofore paid by said employer to said employee."

27         89.      Defendants unlawfully received and/or collected wages from employees by

28    implementing a policy of automatically deducting 30 minutes worth of vested wages, from

- 20 -<br>COMPLAINT

1  Employees, for alleged meal periods which they were consistently denied, as well as by

2  understating the hours worked by Employees as alleged above.

3        90.    As a direct and proximate cause of the unauthorized deductions, Employees have

4  been damaged, in an amount to be determined at trial.

5  **NINTH CAUSE OF ACTION**

6  **VIOLATION OF <u>LABOR CODE § 203</u>**

7  **(Against All Defendants)**

8        91.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

9  full herein.

10        92.    Numerous Employees are no longer employed by Defendants; they either quit

11  Defendants' employ or were fired therefrom.

12        93.    Defendants failed to pay these Employees all wages due and certain at the time of

13  termination or within seventy-two (72) hours of resignation.

14        94.    The wages withheld from these Employees by Defendants remained due and owing

15  for more than thirty (30) days from the date of separation of employment.

16        95.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants

17  knew wages to be due but failed to pay them; this violation entitles these Employees to penalties

18  under <u>Labor Code § 203</u>, which provides that an employee's wages shall continue until paid for up

19  to thirty (30) days from the date they were due.

20  **TENTH CAUSE OF ACTION**

21  **VIOLATION OF <u>BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.</u>**

22  **(Against All Defendants)**

23        96.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

24  full herein.

25        97.    Plaintiff, on behalf of himself, Employees, and the general public, brings this claim

26  pursuant to <u>Business & Professions Code § 17200 et seq.</u> The conduct of Defendants as alleged in

27  this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the

28  general public. Plaintiff seeks to enforce important rights affecting the public interest within the

Doc# 1 Page# 22 - Doc ID = 1740941308 - Doc Type = Complaint

1    meaning of <u>Code of Civil Procedure</u>

2    <u>§ 1021.5</u>.

3         98.    Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u>

4    <u>§ 17204</u>, has suffered injury, and therefore has standing to bring this cause of action for injunctive

5    relief, restitution, and other appropriate equitable relief.

6         99.    <u>Business & Professions Code § 17200 et seq.</u> prohibits unlawful and unfair

7    business practices.

8         100.   Wage-and-hour laws express fundamental public policies. Paying employees their

9    wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental

10   public policies of California. <u>Labor Code § 90.5(a)</u> articulates the public policies of this State

11   vigorously to enforce minimum labor standards, to ensure that employees are not required or

12   permitted to work under substandard and unlawful conditions, and to protect law-abiding

13   employers and their employees from competitors who lower costs to themselves by failing to

14   comply with minimum labor standards.

15        101.   Defendants have violated statutes and public policies. Through the conduct alleged

16   in this Complaint Defendants have acted contrary to these public policies, have violated specific

17   provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

18   violation of <u>Business & Professions Code § 17200 et seq.</u>; which conduct has deprived Plaintiff,

19   and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

20   guaranteed to all employees under the law.

21        102.   Defendants' conduct, as alleged hereinabove, constitutes unfair competition in

22   violation of the <u>Business & Professions Code § 17200 et seq.</u>

23        103.   Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

24   overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

25   reasonable care should have known that their conduct was unlawful; therefore their conduct

26   violates the <u>Business & Professions Code § 17200 et seq.</u>

27        104.   As a proximate result of the above-mentioned acts of Defendants, Employees have

28   been damaged, in a sum to be proven at trial.

- 22 -
COMPLAINT

105.   Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.   For an order certifying this action as a class action;

2.   For compensatory damages in the amount of the unpaid minimum wage for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.   For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

4.   For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

5.   For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

6.   For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

7.   For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

8.   For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

9.   For restitution for unfair competition pursuant to Business & Professions Code

- 23 -
COMPLAINT

1 | § 17200 et seq., including disgorgement or profits, as may be proven;

2 |      10.    For compensatory damages in the amount of all previously unreimbursed business

3 | expenditures necessarily incurred by Employees in the discharge of their job duties for Defendants

4 | from four (4) years prior to the original filing of this action, as may be proven;

5 |      11.    For an order enjoining Defendants and their agents, servants, and employees, and

6 | all persons acting under, in concert with, or for them, from acting in derogation of any rights or

7 | duties adumbrated in this Complaint;

8 |      12.    For facilitated Notice under 29 USC § 216(b), compensation pursuant to the FLSA,

9 | 29 U.S.C. §§ 201, 206, 207, et seq., conditional and final certification of a Collective Action, and

10 | for interest on any compensatory damages, and attorneys' fees, interest, and costs of suit pursuant

11 | to 29 U.S.C. § 216(b);

12 |      13.    For all general, special, and incidental damages as may be proven;

13 |      14.    For an award of pre-judgment and post-judgment interest;

14 |      15.    For an award providing for the payment of the costs of this suit;

15 |      16.    For an award of attorneys' fees; and

16 |      17.    For such other and further relief as this Court may deem proper and just.

17 |

18 | DATED: May 24, 2018           DAVID YEREMIAN & ASSOCIATES, INC.

19 |

20 | By

21 | David Yeremian
Roman Shkodnik

22 | Attorneys for Plaintiff
DE'VON WALKER

and the putative class

- 24 -
COMPLAINT

1

2                              **DEMAND FOR JURY TRIAL**

3        Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

4

5   DATED: May 24, 2018                     DAVID YEREMIAN & ASSOCIATES, INC.

6

7                                 By
                                  David Yeremian

8                                   Roman Shkodnik
                                  Attorneys for Plaintiff

9                                   DE'VON WALKER
                                  and the putative class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 25 -
                                 COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Roman Shkodnik (285152)<br>David Yeremian & Associates Inc.<br>535 N. Brand Blvd., Suite 705<br>Glendale, CA 91203<br>TELEPHONE NO: (818) 230-8380     FAX NO.: (818) 230-0308<br>ATTORNEY FOR *(Name):* Plaintiff, De'von Walker | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 29 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: _Brittny Smith_ , Deputy<br>Brittny Smith |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Walker v. Scoobecz, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 707663<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*  Eight (8)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 24, 2018
Roman Shkodnik
_(TYPE OR PRINT NAME)_                                    ► _Roman Shkodnik_ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Walker v. Scoobeez, et al. | CASE NUMBER: BC 707663 |
|---|---|

**By Fax**

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Walker v. Scoobeez, et al. | | CASE NUMBER | |
| --- | --- | --- | --- |

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | (1) 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Walker v. Scoobeez, et al. | |

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture Case (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Doc# 1 Page# 31 - Doc ID = 1740941308 - Doc Type = Complaint

| SHORT TITLE: Walker v. Scoobeez, et al. | | CASE NUMBER |
|---|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 24, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4



**Notice of Service of Process**

MWM / ALL
Transmittal Number: 18366916
Date Processed: 06/28/2018

| | |
|---|---|
| **Primary Contact:** | Ross W McLinden<br>Better Business Systems Inc.<br>175 N 27th St<br>Ste 800<br>Billings, MT 59101-2065 |
| **Electronic copy provided to:** | Rachelle Park<br>Diana Cox |

| | |
|---|---|
| **Entity:** | Avitus, Inc.<br>Entity ID Number  3073053 |
| **Entity Served:** | Avitus, Inc., Avitus Group |
| **Title of Action:** | De'von Walker vs. Scoobeez |
| **Document(s) Type:** | Notice |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC707663 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/26/2018 |
| **Answer or Appearance Due:** | 08/10/2018 |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Roman Shkodnik<br>818-230-8380 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

1   DAVID YEREMIAN & ASSOCIATES, INC.
    David Yeremian (SBN 226337)
2   david@yeremianlaw.com
    Roman Shkodnik (SBN 285152)
3   roman@yeremianlaw.com
    535 N. Brand Blvd., Suite 705
4   Glendale, California 91203
    Telephone: (818) 230-8380
5   Facsimile: (818) 230-0308

6   DAVTYAN PROFESSIONAL LAW CORPORATION
    Emil Davtyan (SBN 299363)
7   emil@davtyanlaw.com
    21900 Burbank Blvd., Suite 300
8   Woodland Hills, California 91367
    Telephone: (818) 992-2935
9   Facsimile: (818) 975-5525

10  Attorneys for Plaintiff DE'VON WALKER,
    on behalf of himself and others similarly situated

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF LOS ANGELES

14

15  DE'VON WALKER, on behalf of himself and      Case No.: BC707663
    others similarly situated ,
                                                  *[Case Assigned for All Purposes to*
16              Plaintiff,                        *Honorable Judge Carolyn B. Kuhl in Dept. 12]*

17              vs.                               **NOTICE OF CASE ORDER RE NEWLY**
                                                  **FILED CLASS ACTION AND INITIAL**
18  SCOOBEEZ, a California corporation;           **STATUS CONFERENCE**
    AVITUS, INC., a Montana corporation;
19  AVITUS GROUP., an unknown business            Date : August 10, 2018
    entity; SCOOBEEZ, INC. CORP LA., a            Time: 10:00 a.m.
20  business entity of unknown form;  and DOES
    1 through 50, inclusive,
21
                Defendants.
22

23

24

25

26

27

28

                                    - 1 -
    NOTICE OF CASE ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE

1       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, pursuant to the Court's Order attached as Exhibit A, this

3   case has been deemed complex, and the Court has stayed the matter at least until the Initial Status

4   Conference. Also pursuant to the Court's Order, an Initial Status Conference has been set for

5   August 10, 2018 at 10:00 a.m. in Department 12, before Judge Carolyn B. Kuhl. The parties are to

6   file a Joint Initial Status Conference Class Action Response Statement 5 court days prior to the

7   hearing. Plaintiff is ordered to give notice.

8

9   DATED: June 22, 2018                 DAVID YEREMIAN & ASSOCIATES, INC.

10

11                               By

12                               David Yeremian
                                Roman Shkodnik

13                               Attorneys for Plaintiff
                             DE'VON WALKER, and the putative

14                               class

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF CASE ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/11/18                                                                 DEPT. SSC12

HONORABLE CAROLYN B. KUHL       JUDGE | J. MANRIQUE          DEPUTY CLERK
                                        M. MIRO, C.A.

HONORABLE                  JUDGE PRO TEM                       ELECTRONIC RECORDING MONITOR
ADD-ON

        NONE              Deputy Sheriff | NOT REPORTED            Reporter

---

BC707663                          Plaintiff
                                  Counsel
DE'VON WALKER                                         NO APPEARANCES
VS                                Defendant
SCOOBEEZ ET AL                    Counsel

---

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be
Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except for
service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
August 10, 2018, at 10:00 a.m. in Department 12,
Spring Street Courthouse, 312 N. Spring Street, Los
Angeles, California 90012. Counsel for all parties
are ordered to attend IN PERSON.

The court orders counsel to prepare for the Initial
Status Conference by identifying and discussing the
central legal and factual issues in the case. Prior
to the Initial Status Conference, Counsel for all
parties are ordered to meet and confer in person (no
later than 10 days before the Conference). Counsel
for plaintiff is ordered to initiate contact with
counsel for defense to begin this process. Counsel
then must negotiate and agree, as much as possible,
on a case management plan. To this end, counsel must
file a Joint Initial Status Conference Class Action
Response Statement five court days before the

                   Page   1 of 10   DEPT. SSC12

┌─────────────────────────┐
│ **MINUTES ENTERED**     │
│ 06/11/18                │
│ **COUNTY CLERK**        │
└─────────────────────────┘

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/11/18 | **DEPT.** SSC12 |

| | | | |
|---|---|---|---|
| HONORABLE CAROLYN B. KUHL | JUDGE | J. MANRIQUE | DEPUTY CLERK |
| | | M. MIRO, C.A. | |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| ADD-ON | | | |
| NONE | Deputy Sheriff | NOT REPORTED | Reporter |

| | | |
|---|---|---|
| BC707663 | Plaintiff | |
| | Counsel | |
| DE'VON WALKER | | NO APPEARANCES |
| VS | Defendant | |
| SCOOBEEZ ET AL | Counsel | |

NATURE OF PROCEEDINGS:

Initial Status Conference. The Joint Response
Statement must be filed on line-numbered pleading
paper and must specifically answer each of the
below-numbered topics. Do not use the Judicial
Council Form CM-110 (Case Management Statement).

1.    PARTIES AND COUNSEL:  Please list all
      presently-named class representatives and
      presently-named defendants, together with all
      counsel of record, including counsel's contact
      and email information.

2.    STATUS OF PLEADINGS:  Please indicate
      whether defendant has filed a Notice of
      Appearance or an Answer to the Complaint, and,
      if so, indicate the filing date(s).

3.    POTENTIAL ADDITIONAL PARTIES:  Indicate
      whether any plaintiff presently intends to add
      additional class representatives, and, if so,
      the name(s) and date by which these class
      representatives will be added. Indicate
      whether any plaintiff presently intends to
      name additional defendants, and, if so, the
      name(s) and date by which the defendant(s)
      will be added. Indicate whether any appearing
      defendant presently intends to file a
      cross-complaint and, if so, the names of
      cross-defendants and the date by which the
      cross-complaint will be filed.

Page    2 of 10    DEPT. SSC12

| |
|---|
| **MINUTES ENTERED** |
| 06/11/18 |
| **COUNTY CLERK** |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/11/18                                                    DEPT. SSC12

HONORABLE CAROLYN B. KUHL            JUDGE    J. MANRIQUE        DEPUTY CLERK
                                             M. MIRO, C.A.
HONORABLE                    JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR
ADD-ON
        NONE                  Deputy Sheriff  NOT REPORTED          Reporter

---

BC707663                           Plaintiff
                                   Counsel
DE'VON WALKER                                      NO APPEARANCES
VS                                 Defendant
SCOOBEEZ ET AL                     Counsel

---

NATURE OF PROCEEDINGS:

4.    IMPROPERLY NAMED DEFENDANT(S):  If the
      complaint names the wrong person or entity,
      please explain why the named defendant is
      improperly named and the proposed procedure to
      correct this error.

5.    ADEQUACY OF PROPOSED CLASS
      REPRESENTATIVE(S):  If any party believes one
      or more named plaintiffs might not be an
      adequate class representative, including
      reasons of conflict of interest as described
      in Apple Computer v. The Superior Court of Los
      Angeles County (2005) 126 Cal.App.4th 1253,
      please explain. No prejudice will attach to
      these responses.

6.    ESTIMATED CLASS SIZE:  Please discuss and
      indicate the estimated class size.

7.    OTHER ACTIONS WITH OVERLAPPING CLASS
      DEFINITIONS:  Please list other cases with
      overlapping class definitions. Please identify
      the court, the short caption title, the docket
      number, and the case status.

8.    POTENTIALLY RELEVANT ARBITRATION AND/OR
      CLASS ACTION WAIVER CLAUSES:  Please state
      whether arbitration is an issue in this case
      and attach a sample of any relevant clause of

                    Page   3 of 10   DEPT. SSC12

MINUTES ENTERED
06/11/18
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/11/18                                               **DEPT.** SSC12

| | | |
|---|---|---|
| HONORABLE CAROLYN B. KUHL | JUDGE | J. MANRIQUE            DEPUTY CLERK |
| | | M. MIRO, C.A. |
| HONORABLE | JUDGE PRO TEM |               ELECTRONIC RECORDING MONITOR |
| ADD-ON | | |
|      NONE | Deputy Sheriff | NOT REPORTED           Reporter |

| | |
|---|---|
| BC707663 | Plaintiff<br>Counsel |
| DE'VON WALKER<br>VS<br>SCOOBEEZ ET AL | NO APPEARANCES<br><br>Defendant<br>Counsel |

**NATURE OF PROCEEDINGS:**

     this sort. Opposing parties must summarize
their views on this issue.

9.    POTENTIAL EARLY CRUCIAL MOTIONS:  Opposing
counsel should identify and describe the
significant core issues in the case, and then
identify efficient ways to resolve those
issues, including one or more of the
following:
- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury
  instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary
  adjudication.

10.   CLASS CONTACT INFORMATION:  Counsel should
discuss whether obtaining class contact
information from defendant' s records is
necessary in this case and, if so,  whether
the parties consent to an "opt-out" notice
process (as approved in Belaire-West
Landscape, Inc. v. Superior Court (2007) 149
Cal.App.4th 554, 561). Counsel should address
timing and procedure, including allocation of
cost and the necessity of a third party
administrator.

                    Page    4 of 10    DEPT. SSC12

```
MINUTES ENTERED
06/11/18
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/11/18                                                          **DEPT.** SSC12

| | | |
|---|---|---|
| HONORABLE CAROLYN B. KUHL | JUDGE | J. MANRIQUE        DEPUTY CLERK |
| | | M. MIRO, C.A. |
| HONORABLE ADD-ON | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NOT REPORTED        Reporter |

| | | |
|---|---|---|
| BC707663 | Plaintiff Counsel | |
| DE'VON WALKER | | NO APPEARANCES |
| VS | Defendant | |
| SCOOBEEZ ET AL | Counsel | |

**NATURE OF PROCEEDINGS:**

11.   PROTECTIVE ORDERS:  Parties considering an
      order to protect confidential information from
      general disclosure should begin with the model
      protective orders found on the Los Angeles
      Superior Court Website under "Civil Tools for
      Litigators."

12.   DISCOVERY:  Please discuss a discovery
      plan. If the parties cannot agree on a plan,
      summarize each side's views on discovery. The
      court generally allows discovery on matters
      relevant to class certification, which
      (depending on circumstances) may include
      factual issues also touching the merits. The
      court generally does not permit extensive or
      expensive discovery relevant only to the
      merits (for example, detailed damages
      discovery) at the initial stage unless a
      persuasive showing establishes early need. If
      any party seeks discovery from absent class
      members, please estimate how many, and also
      state the kind of discovery you propose (See
      California Rule of Court, Rule 3.768).

13.   INSURANCE COVERAGE:  Please state if (1)
      there is insurance for indemnity or
      reimbursement, and (2) whether there are any
      insurance coverage issues which might affect
      settlement.

                    Page    5 of 10    DEPT. SSC12

| MINUTES ENTERED |
|---|
| 06/11/18 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 06/11/18 | | DEPT. SSC12 |
|---|---|---|
| HONORABLE CAROLYN B. KUHL   JUDGE | J. MANRIQUE   M. MIRO, C.A. | DEPUTY CLERK |
| HONORABLE   ADD-ON   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NOT REPORTED | Reporter |

| BC707663 | Plaintiff Counsel | |
|---|---|---|
| DE'VON WALKER VS SCOOBEEZ ET AL | Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

14.  ALTERNATIVE DISPUTE RESOLUTION:  Please
     discuss ADR and state each party's position
     about it. If pertinent, how can the court help
     identify the correct neutral and prepare the
     case for a successful settlement negotiation?

15.  TIMELINE FOR CASE MANAGEMENT:  Please
     recommend dates and times for the following:
     -  The next status conference,
     -  A schedule for alternative dispute
        resolution, if it is relevant,
     -  A filing deadline for the motion for class
        certification, and
     -  Filing deadlines and descriptions for other
        anticipated non-discovery motions.

16.  ELECTRONIC SERVICE OF PAPERS:  For
     efficiency the complex program requires the
     parties in every new case to use a third-party
     cloud service. Please agree on one and submit
     the parties' choice when filing the Joint
     Initial Status Conference Class Action
     Response Statement. If there is agreement,
     please identify the vendor and submit a
     proposed order. (The Court suggests contacting
     the vendor for a draft form of order.) If
     parties cannot agree, the court will select
     the vendor at the Initial Status Conference.
     Electronic service is not the same as

Page   6 of 10   DEPT. SSC12

MINUTES ENTERED
06/11/18
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/11/18                                                        DEPT. SSC12

HONORABLE CAROLYN B. KUHL           JUDGE    J. MANRIQUE        DEPUTY CLERK
                                             M. MIRO, C.A.

HONORABLE                        JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
ADD-ON
           NONE              Deputy Sheriff  NOT REPORTED              Reporter

BC707663                                Plaintiff
                                        Counsel
DE'VON WALKER                                          NO APPEARANCES
VS                                      Defendant
SCOOBEEZ ET AL                          Counsel

**NATURE OF PROCEEDINGS:**

        electronic filing. Only traditional methods of
        filing by physical delivery of original papers
        or by fax filing are presently acceptable.

Reminder When Seeking To Dismiss Or To Obtain
Settlement Approval:

"A dismissal of an entire class action, or of any
party or cause of action in a class action, requires
court approval. . . . Requests for dismissal must be
accompanied by a declaration setting forth the facts
on which the party relies. The declaration must
clearly state whether consideration, direct or
indirect, is being given for the dismissal and must
describe the consideration in detail" (California
Rule of Court, Rule 3.770(a)). If the parties have
settled the class action, that too will require
judicial approval based on a noticed motion
(although it may be possible to shorten time by
consent for good cause shown).

Reminder When Seeking Approval of a Settlement:

Plaintiff(s) must address the issue of any fee
splitting agreement in their motion for preliminary
approval and demonstrate compliance with California
Rule of Court 3.769, and the Rules of Professional
Conduct 2-200(a) as required by Mark v. Spencer
(2008) 166 Cal.App. 4th 219.

                    Page   7 of 10   DEPT. SSC12

```
MINUTES ENTERED
06/11/18
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/11/18 | | **DEPT.** SSC12

| | | |
|---|---|---|
| HONORABLE CAROLYN B. KUHL | JUDGE | J. MANRIQUE  DEPUTY CLERK |
| | | M. MIRO, C.A. |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD-ON | | |
| NONE | Deputy Sheriff | NOT REPORTED       Reporter |

| | | |
|---|---|---|
| BC707663 | Plaintiff Counsel | |
| DE'VON WALKER | | NO APPEARANCES |
| VS | Defendant | |
| SCOOBEEZ ET AL | Counsel | |

**NATURE OF PROCEEDINGS:**

As stated above, pending further order of this
Court, these proceedings are stayed in their
entirety. This stay precludes the filing of any
answer, demurrer, motion to strike, or motions
challenging the jurisdiction of the Court; however,
each defendant is directed to file a Notice of
Appearance for purposes of identification of counsel
and preparation of a service list. The filing of
such a Notice of Appearance is without prejudice to
any challenge to the jurisdiction of the Court,
substantive or procedural challenges to the
Complaint, without prejudice to any affirmative
defense, and without prejudice to the filing of any
cross-complaint in this action. This stay is issued
to assist the Court and the parties in managing this
complex case and to reduce litigation costs through
the development of an orderly schedule for briefing
and hearings on procedural and substantive
challenges to the complaint and other issues that
may assist in the orderly management of these cases.
This stay does not preclude the parties from
informally exchanging documents that may assist in
their initial evaluation of the issues presented in
this case; however it stays all outstanding
discovery requests.

Nothing in this order stays the time for filing an
Affidavit of Prejudice pursuant to Code of Civil
Procedure Section 170.6.

Page   8 of 10   DEPT. SSC12

MINUTES ENTERED
06/11/18
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/11/18                                                    DEPT. SSC12

HONORABLE CAROLYN B. KUHL          JUDGE   J. MANRIQUE          DEPUTY CLERK
                                           M. MIRO, C.A.
HONORABLE                    JUDGE PRO TEM                 ELECTRONIC RECORDING MONITOR
ADD-ON
        NONE               Deputy Sheriff  NOT REPORTED           Reporter

BC707663                          Plaintiff
                                  Counsel
DE'VON WALKER                                    NO APPEARANCES
VS
SCOOBEEZ ET AL                    Defendant
                                  Counsel

**NATURE OF PROCEEDINGS:**

Counsel are directed to access information on
procedures in the Complex Litigation Program
courtrooms on the Court's website at www.lacourt.org.

Pursuant to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court
within 10 calendar days from this date.

Plaintiff's counsel is directed to serve a copy of
this Order on counsel for all parties, or if counsel
has not been identified, on all parties, within five
(5) days of service of this order. If any defendant
has not been served in this action, service is to be
completed within twenty (20) days of the date of
this Order. The plaintiff must file a Proof of
Service in this department within seven days of
service.

If all parties have been served, have conducted the
required meet and confer, and are ready to fully
participate in the status conference prior to the
assigned date, counsel may contact the clerk of
Department 12, Spring Street Courthouse and request
an earlier date for the Initial Status Conference.

                          /s/ CAROLYN B. KUHL
                     ASSISTANT SUPERVISING JUDGE
IT IS SO ORDERED:      COMPLEX CIVIL LITIGATION
                          CAROLYN B. KUHL
DATED: June 11, 2018   Judge of the Superior Court

            Page  9 of 10    DEPT. SSC12

                                        MINUTES ENTERED
                                        06/11/18
                                        COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/11/18 | **DEPT.** SSC12 |

| HONORABLE CAROLYN B. KUHL | JUDGE | J. MANRIQUE | DEPUTY CLERK |
|---|---|---|---|
| | | M. MIRO, C.A. | |
| HONORABLE ADD-ON | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NOT REPORTED | Reporter |

| BC707663 | Plaintiff | |
|---|---|---|
| | Counsel | |
| DE'VON WALKER | | NO APPEARANCES |
| VS | Defendant | |
| SCOOBEEZ ET AL | Counsel | |

**NATURE OF PROCEEDINGS:**

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the 06/11/18 Minute Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: June 11, 2018

Sherri R. Carter, Executive Officer/Clerk

By: _/s/_ **JAN JOSEF MANRIQUE**
      ———————————————————
      J. Manrique, Deputy Clerk

David H. Yeremian
David Yeremian & Associates, In
535 N. Brand Blvd., Suite 705
Glendale, CA 91203

Page  10 of 10    DEPT. SSC12

| MINUTES ENTERED |
|---|
| 06/11/18 |
| COUNTY CLERK |

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 535 N. Brand, Blvd. Suite 705, Glendale CA 91203.

On June 22, 2018, I served the foregoing: **NOTICE OF CASE ORDER RE NEWLY FILED CLASS ACTION AND INITIAL STATUS CONFERENCE** on Interested Parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Scoobez
396 S Pasadena Ave.
Pasadena, CA 91105

Scoobez, Inc. Corp LA
396 S Pasadena Ave.
Pasadena, CA 91105

Avitus, Inc.
CSC Lawyers Incorporating Service, Agent for Service
2710 Gateway Oaks Dr., 150N
Sacramento, CA 95833

Avitus Group
CSC Lawyers Incorporating Service, Agent for Service
2710 Gateway Oaks Dr., 150N
Sacramento, CA 95833

**[X]   (BY MAIL)** I placed such envelope with postage thereon fully paid in the United States mail at Glendale, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**[ ]   (BY ELECTRONIC SERVICE VIA CASE ANYWHERE)** Based on a court order, I caused the above-entitled document(s) to be served through Case Anywhere at www.caseanywhere.com addressed to all parties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete and a copy of the Case Anywhere Filing Receipt Page/Confirmation will be filed, deposited, or maintained with the original document(s) in this office.
machine is attached hereto.

**[X]   (STATE)** I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 22, 2018, at Glendale, California.

*Natalia Bermudes*
Natalia Bermudes

FROM:
David Yeremian
David Yeremian & Associates Inc
535 N. Brand Boulevard, Suite 705
Glendale CA 91203

$1.42
0 LBS 3 OZ
FROM 91203

062500047xxxx
06/22/2018

stamps.com



**1 USPS FIRST CLASS MAIL®**
**US POSTAGE & FEES PAID**

R034

Avitus, Inc.
Avitus Group
CSC - Lawyer's Incorporating Service
Agent for Service of Process
2710 Gateway Oaks Drive, Suite 150N
Sacramento CA 95833-3502