1  Rafael Nendel-Flores, Esq. (State Bar No. 223358)
   Rafael.Nendel-Flores@leclairryan.com
2  Guillermo M. Tello, Esq. (State Bar No. 277896)
   Guillermo.Tello@leclairryan.com
3  LECLAIRRYAN, LLP
   725 South Figueroa Street, Suite 350
4  Los Angeles, CA 90017
   TELEPHONE: 213.337.3203
5  TELEFAX: 213.624.3755

6  Attorney for Defendants
   SCOOBEEZ AND AVITUS, INC.
7  dba AVITUS GROUP

8

9

10                    UNITED STATES DISTRICT COURT

11        CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

12

13
   DE'VON WALKER, on behalf of          Case No.: 2:18-cv-06108 AB (RAOx)
14 himself and others similarly situated,
                                         Judge: Hon. Andre Birotte Jr.
15          Plaintiff,                   Magistrate: Hon. Rozella A. Oliver

16      v.                               **DEFENDANTS' NOTICE OF
                                         MOTION AND MOTION TO
17 SCOOBEEZ, a California Corporation;   COMPEL INDIVIDUAL
   AVITUS, INC., a Montana corporation;  ARBITRATION AND TO DISMISS
18 AVITUS GROUP., an unknown             OR, IN THE ALTERNATIVE,
   business entity; SCOOBEEZ, INC.       STAY THE PROCEEDINGS;
19 CORP LA., a business entity of        MEMORANDUM OF POINTS AND
   unknown form; and DOES 1 through      AUTHORITIES IN SUPPORT
20 50, inclusive,                        THEREOF**

21          Defendants.                  *[Filed concurrently with Declarations
                                         of Pablo Olvera, Sarah Straus, Jodi
22                                       Milliron and Rafael G. Nendel-Flores
                                         and [Proposed]Order]*
23
                                         *Date:       August 24, 2018
24                                       Time:        10:00 a.m.
                                         Location:  Courtroom 7B*
25

26                                       ***Complaint Filed:  May 29, 2018
                                         Trial Date:      None Set***
27

28

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 24, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge Andre Birotte Jr. in Courtroom 7B of the above-entitled Court, located at 350 W 1st Street, Los Angeles, CA 90012, Defendants Scoobeez and Avitus, Inc. dba Avitus Group (collectively "Defendants") will and hereby do move as follows:

For an order compelling Plaintiff De'Von Walker ("Plaintiff") to submit his claims to final and binding individual arbitration pursuant to the terms of the arbitration agreement between Plaintiff and Defendants which Plaintiff executed on or about September 30, 2016.

For an order dismissing this action without prejudice or, in the alternative, staying this action pending resolution of Plaintiff's claims in the arbitral forum.

The Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities in support thereof, the supporting declaration of Rafael Nendel-Flores, Declaration of Pablo Olvera, Declaration of Sarah Straus, declaration of Jodi Milliron and the exhibits attached thereto, all papers and pleadings filed in this action, and any other evidence and argument as may be presented in connection with the hearing on the Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 11 and July 14, 2018.

DATED:  July 20, 2018          LeClairRyan LLP

By: _____
Rafael G. Nendel-Flores, Esq.
Guillermo M. Tello, Esq.
Attorney for Defendants
SCOOBEEZ AND AVITUS, INC.  dba AVITUS GROUP

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

## Table of Contents

**Page**

I.    INTRODUCTION ...................................................................**3**

II.   STATEMENT OF FACTS..........................................................**4**

   A. The Parties...............................................................4

   B. Plaintiff Agreed to Arbitrate His Claims ........................4

III.  PROCEDURAL HISTORY........................................................**5**

IV.   LEGAL ANALYSIS ...............................................................**6**

   A. The Federal Arbitration Act (FAA) Governs the Arbitration Agreement.....6

      1. The FAA exception does not apply...............................8

   B. The Parties Entered Into Valid Agreements to Arbitrate Their  Claims........9

      1. Plaintiff Executed the Arbitration Agreement, Which  Covers the Subject Claims..................................................9

   C. The Arbitration Agreement Is Valid and Enforceable................................10

      1. The Arbitration Agreement is Virtually Identical to the  Agreement Upheld by the California Supreme Court   in *Little v. Auto Stiegler*.....10

      2. The Arbitration Agreement Is Not Procedurally  Unconscionable........11

      3. The Agreement is Not Substantively Unconscionable ..........................14

      4. The Agreements Satisfy All of the Armendariz Requirements ............14

   D. To The Extent Any Provision Is Unconscionable, It Must Be  Severed .....17

   E. Each Defendant Can enforce Arbitration Under Multiple Legal Theories ........................................................17

      1. The Arbitration Agreement Specifically Applies to Avitus and  Scoobeez..................................................17

      2. Scoobeez can enforce the Arbitration Agreement .................................17

   F. The Civil Action Should be Stayed Pending Arbitration or, Alternatively,  Dismissed Without Prejudice. .........................19

   G. Plaintiff's Claims Must be arbitrated individually .................................20

V.    CONCLUSION ..................................................................**21**

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

# Table of Authorities

**Page(s)**

**Cases**

*Allied-Bruce Terrains Cos. v. Dobson*
 513 U.S. 265 (1995)................................................................................6

*Armendariz v. Foundation Health Psychcare Services, Inc.*
 24 Cal.4th 83 (2000)........................................................................passim

*Armenta v. Staffworks, LLC*
 2017 WL 3118778 at * 3-4 (S.D. Cal. 2017) ......................................21

*Boucher v. Alliance Title Co., Inc.*
 127 Cal.App.4th 262 (2005) ...........................................................18, 19

*Chico v. Hilton Worldwide, Inc.*
 2014 WL 5088240 at * 11 (C.D. Cal. 2014) .......................................21

*Cilluffo v. Central Refrigerated Services, Inc.*
 2012 WL 8523507, at *3 (C.D. Cal. Sept. 24, 2012) ...........................7

*Circuit City Stores, Inc. v. Adams*
 532 U.S. 105 (2001)................................................................................8

*Dotson v. Amgen, Inc.*
 181 Cal.App.4th 975 (2010) ...........................................................12, 13

*Doulon v. USSA Cas Ins. Co.*
 167 Cal.App.4th 412 (2008) ................................................................18

*Dryer v. Los Angeles Rams*
 40 Cal.3d 406 (1985) ...........................................................................18

*Eshagh v. The Terminix International Company*
 588 Fed.App. 703 (9th Cir. 2014)........................................................21

*Espejo v. Southern California Permanente Medical Group*
 246 Cal.App.4th 1047 (2016) ..............................................................10

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

1

## Table of Authorities Cont'd.

2

**Page(s)**

3
*Federal Ins. Co. v. Superior Court*

4
   60 Cal.App.4th 1370 (1998) ................................................................. 20

5
*Fisher v. DCH Temecula Imports LLC*

6
   187 Cal.App.4th 601 (2010) ................................................................... 7

7
*Garcia v. Pexco, LLC*

8
   11 Cal.App.5th 782 (2017) .............................................................. 17, 18

9
*Geographic Expeditions, Inc. v. Estate of Lhotka*

10
   599 F. 3d. 1102 (9th Cir. 2010) ........................................................... 19

11
*Gilmer v. Insterstate/Johnson Lane Corp.*

12
   500 U.S. at 35 ....................................................................................... 8

13
*Graham v. Scissor-Tail, Inc.*

14
   28 Cal.3d 807 (1981) ........................................................................... 12

15
*Green Tree Financial Corp. v. Randolph*

16
   531 U.S. 79 (2000) ................................................................................. 6

17
*Int'l. Bro. Teamsters Local Union No. 50 v. Kienstra Precast, LLC*

18
   702 F.3d 954 (7th Cir. 2012) ................................................................. 9

19
*Kinecta Alternative Financial Solutions, Inc. v. Superior Court*

20
   205 Cal. App. 4th 506 (2012) .............................................................. 20

21
*Kowalewski v. Samandarov*

22
   590 F. Supp. 2d 477 (S.D.N.Y. 2008) ................................................... 9

23
*Lagatree v. Luce Forward, Hamilton & Scripps*

24
   74 Cal.App.4th 1105 (1999) ................................................................ 12

25
*Laswell v. AG Seed Beach, LLC*

26
   189 Cal.App.4th 1399 (2010) .............................................................. 19

27
*Little v. Auto Stiegler, Inc.*

28
   29 Cal.4th 1064 (2003) ............................................................. 10, 11, 16

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

## **Table of Authorities Cont'd.**

**Page(s)**

*Marshall v. Pontiac*

   287 F.Supp.2d 1229 (S.D. Cal. 2003) ................................................................. 11

*Mastrobuono v. Shearson Lehman Hutton, Inc.*

   514 U.S. 52 (1995).......................................................................................... 7

*Mercuro v. Superior Court* 96

   Cal.App.4th 164 (2002) ................................................................................ 10

*Metalclad Corp. v. Ventana Envtl. Org. P'ship.*

   109 Cal.App.4th 1705 (2003) ..................................................................... 18

*Moses H Cone Mem. Hosp. v. Mercury Constr. Corp.*

   460 U.S. 1 (1983)........................................................................................ 6, 7

*Mount Diablo Medical Center v. Health Net of California, Inc.*

   101 Cal. App. 4th 711 (2002) ...................................................................... 7

*Mundi v. Union Sec. Life Ins. Co.*

   555 F.3d 1042 (9th Cir. 2009) ................................................................... 18

*Nelsen v. Legacy Partners Residential, Inc.*

   207 Cal.App.4th 1115 (2012) ................................................................ 11, 20

*Perry v. Thomas*

   482 U.S. 483 (1987)...................................................................................... 9

*Roman v. Superior Court*

   172 Cal.App.4th 1462 (2009) .................................................................... 12

*Sanchez v. Valencia Holding Co., LLC*

   61 Cal.4th 899 (2015) ................................................................................. 14

*Sanchez v. Western Pizza Enterprises, Inc.*

   172 Cal.App.4th 154 (2009) ...................................................................... 16

*Serpa v. California Surety Investigations*

   215 Cal.App.4th 695 (2013) ...................................................................... 13

2:18-cv-06108 AB (RAOx)

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

## Table of Authorities Cont'd.

Page(s)

*Simula, Inc. v. Autoliv, Inc.*

   175 F.3d 716 (9th Cir. 1999) ..................................................................7

*Sonic–Calabasas A, Inc. v. Moreno* (Sonic II)

   57 Cal.4th 1109 (2013) ...............................................................11, 14

*Southland Corp. v. Keating*

   465 U.S. 1 (1984).......................................................................................6

*Stolt –Nielsen S.A. v. AnimalFeeds Int'l Corp.*

   *559 U.S. 662 (2010)* ..............................................................................20

*Volt Info. Sciences v. Leland Stanford Univ.*

   489 U.S. 468 (1989)...................................................................................7

*Williams v. Walker–Thomas Furniture Co.*

   350 F.2d 445 (D.C. Cir. 1965) ...........................................................14


**Statutes**

9 U.S.C. § 1 .........................................................................................................6

9 U.S.C. § 2 .........................................................................................................6

9 U.S.C. § 3 .......................................................................................................20

Cal. Civ. Code § 1633.7 ..............................................................................10

Cal. Civ. Code § 1633.9(a)..........................................................................10

Cal. Civ. Code § 1670.5(b) ..........................................................................14

Cal. Code Civ. Proc. § 631.8........................................................................16

Cal. Code Civ. Proc. § 1280 ........................................................................15

Cal. Code Civ. Proc. § 1281.4 .....................................................................19

Cal. Code Civ. Proc. § 1283.05 ...................................................................15

Fed. R. Civ. P. 12(b)(1)...............................................................................19

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

## <u>Table of Authorities Cont'd.</u>

<u>Page(s)</u>

**Other Authorities**

Labor Code § 229 ..................................................................................................9

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff De'Von Walker ("Plaintiff") claims Defendants Scoobeez and Avitus Inc. (collectively "Defendants") violated various California employment laws and seeks alleged economic damages, non-economic damages, declaratory relief, punitive damages, and attorneys' fees.  However, in resolving this motion, the Court need address only three straightforward issues:

**A.   Does A Valid Arbitration Agreement Exist?** In seeking to compel arbitration, Defendants need only show, by a preponderance of the evidence, the existence of valid arbitration agreements executed by Plaintiff.  Here, Plaintiff signed an arbitration agreement entitled Employee Acknowledgement and Arbitration Agreement ("Arbitration Agreement") on September 30, 2016.  As detailed below, the Arbitration Agreement is valid and enforceable.

**B.   Does the Agreement Authorize Class-wide Arbitration?** Both Federal and California courts have held that class-wide arbitration is inappropriate unless it is permitted by the subject arbitration agreement.  Here, the Arbitration Agreement is a bilateral agreement and manifestly does not contemplate class arbitration.  As explained below, the Court may decide this issue as it is a gateway issue and two prior California Courts of Appeal analyzed virtually identical agreements and held that they did not authorize class wide arbitration.

**C.   Is Scoobeez a Third Party Beneficiary to the Arbitration Agreement?**  Plaintiff's arbitration obligations do not attach only to those who have actually signed the arbitration agreement.  While Scoobeez is not a signatory to the Arbitration agreement, they are nonetheless entitled to enforce the provisions thereof under three legal theories (1) agency, (2) third-party beneficiary, and (3) equitable estoppel.

Because a valid arbitration agreement exists, the Court should compel this matter to binding private arbitration and stay or dismiss this matter pending

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

1  resolution of the arbitration.

2  **II.    STATEMENT OF FACTS**

3      **A. The Parties**

4      Plaintiff worked for Scoobeez only for a short period, between October 2016

5  and November 2016, providing delivery services for customers.  *Declaration of*

6  *Pablo Olvera* ("Olvera Decl."), ¶ 4.  Essentially, Plaintiff delivered packages, some

7  of which originated outside of California, from various distribution centers to

8  customers in California.  *Olvera Decl.*, ¶ 4.  However, Plaintiff was never required

9  to, and in fact, never delivered packages across state lines.  *Id*. Avitus is a

10  professional employer organization ("PEO") providing administrative services to

11  employers, such as payroll administration   and outsourced human resource

12  services, to its customers throughout the United States.  *Declaration of Jodi*

13  *Milliron* ("Milliron Decl."), ¶ 3. Avitus provided these type of services to Scoobeez

14  during the time that Plaintiff worked for Scoobeez. *Milliron Decl.*, ¶ 3.

15      **B. Plaintiff Agreed to Arbitrate His Claims**

16      Before commencing his employment, on September 30, 2016, Plaintiff

17  electronically signed the Arbitration Agreement. *Million Decl.*, ¶ 5; Exh. A;

18  *Declaration of Sarah Staus* ("Staus Decl."), ¶ 12.

19      Avitus developed a procedure by which users are required to follow specific

20  steps in order to electronically sign the Arbitration Agreement. Straus Decl., ¶ 5-9.

21  Plaintiff received an email at his personal email address with instructions to create

22  an EHire account. *Id*. at ¶ 6.  Following those instruction, he accessed a secure web

23  page and created a unique PIN and password to access EHire. *Id*.  In EHire,

24  Plaintiff could, and did, securely review and electronically signed the Arbitration

25  Agreement. *Id*. at ¶ 7-9. Neither Avitus nor Scoobeez were able to access EHire on

26  Plaintiff's behalf. *Id*. at ¶ 7, 11.

27      Specifically, Plaintiff would (1) sign into EHire with his unique PIN and

28  Password: (2) click the appropriate link, which states: " To View the Arbitration

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

Agreement Click Here"; (3) review the Arbitration Agreement which appears on the screen; (4) select an option marked "Yes" below a prompt that reads " I have read, understand, and acknowledge the information presented in the link above"; (5) enter his unique PIN below a prompt which reads: "eSign Account Forms" and "Enter your PIN in the form below to approve the submission of your application information. By entering your PIN you acknowledge and approve it to be your legal signature. Note that by entering your PIN, you are also affirming that you have provided (to the best of your knowledge) true and correct information. You further acknowledge and approve the submission of this information for the use designated," thereby affirmatively stating that the user has agreed to electronically sign the documents; (6) click a button titled "APPROVE." *Id*. at ¶ 8.

When completed, the Arbitration Agreement was marked with a timestamp indicating the exact date and time Plaintiff electronically signed the document. *Id*. at ¶ 9.   A record of Plaintiff's actions was also stored in EHire's digital vault, where records cannot be altered in any way. *Id*. Avitus' records confirm Plaintiff created a PIN and password, accessed EHire and electronically signed the Avitus Agreement on September 30, 2016 at 7:27: 37 PM GMT. *Id*. at ¶ 9, 12.

### III.   <u>PROCEDURAL HISTORY</u>

On May 29, 2018, Plaintiff filed his complaint in the Los Angeles Superior Court as a Class Action alleging the following causes of action: (1) Failure to Pay wages under the FLSA (29 USC §§ 206, 207); (2) Failure to Pay Minimum Wages; (3) Failure to Pay Wages on Overtime Under Labor Code 510; (4) Meal-Period Liability Under Labor Code 226.7; (5) Rest-Break Liability Under Labor Code 226.7; (6) Violation of Labor Code 226(a); (7) Reimbursement of Necessary Expenditures Under Labor Code 2802; (8) Violation of Labor Code 221; (9) Penalties Pursuant to Labor Code 203; (10) Violation of Business & Professions code 17200 et seq. *Declaration of  Rafael Nendel-Flores*, ("Nendel-Flores") ¶ 3. On July 13, 2018, Defendants timely removed this action based on federal question

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

jurisdiction.

Defendants met and conferred with Plaintiff on July 11 and July 14 requesting that Plaintiff stipulate to submit this action to individual arbitration pursuant to the Arbitration Agreement. *Id*. at ¶ 3. On July 18, 2018, Plaintiff informed Defendants that he refused and would oppose any motion to compel the action to arbitration. *Id*. at ¶ 6. Defendants now file this timely motion to compel individual arbitration following Plaintiff's refusal to comply with the terms of the Arbitration Agreement.

## IV.   LEGAL ANALYSIS

### A.   The Federal Arbitration Act (FAA) Governs the Arbitration Agreement

The Arbitration Agreement is governed by the Federal Arbitration Act ("FAA"). 9 U.S.C. § 1. Under the FAA, a written provision "in any ... contract ... involving commerce to settle by arbitration a controversy thereafter arising shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Congress enacted the FAA to overcome courts' reluctance to enforce arbitration agreements. *See Allied-Bruce Terrains Cos. v. Dobson*, 513 U.S. 265, 270 (1995). The FAA not only placed arbitration agreements on equal footing with other contracts, but also established a federal policy favoring arbitration. *See Green Tree Financial Corp. v. Randolph,* 531 U.S. 79, 90 (2000)*; Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). This policy is so significant that "even claims arising under a statute designed to further important policies may be arbitrated." *Green Tree Financial Corp.*, *supra*, 531 U.S. at 90.

The FAA establishes a "liberal federal policy favoring arbitration agreements." *Moses H Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). In turn, Courts have ruled that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, where the problem at

hand is the construction language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses, supra, 460 U.S. at 24; Cilluffo v. Central Refrigerated Services, Inc.*, No. EDCV 12-00886 VAP, 2012 WL 8523507, at *3 (C.D. Cal. Sept. 24, 2012); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (holding that "[t]he standard for demonstrating arbitrability is not high.... Such [arbitration] agreements are to be rigorously enforced.").

For state law to apply exclusively to an arbitration agreement, the agreement must clearly opt out of the FAA and express that state law applies. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63-64 (1995), as explained in *Mount Diablo Medical Center v. Health Net of California, Inc.*, 101 Cal. App. 4th 711, 722-723 (2002) (finding portions of the California Arbitration Act (CAA) applicable only because "[t]he choice of law paragraph provides that issues of contract validity, interpretation and enforcement shall be governed by California law"); *see also Volt Info. Sciences v. Leland Stanford Univ.*, 489 U.S. 468, 470 (1989) (finding that the CAA applied instead of the FAA "in a case where the parties have agreed that their arbitration agreement will be governed by the law of California").

Here, the FAA applies to the Arbitration Agreement. First, the Arbitration Agreement involves "commerce," as this Arbitration Agreement arose and Plaintiff entered into it in the context of a contractual business relationship to, among other things, deliver goods in California that originated and arrived at California distribution centers from various other states. *Olvera Decl.*, ¶ 3-4. The sale of the goods necessarily includes the use of freeways and highways. *See Fisher v. DCH Temecula Imports LLC*, 187 Cal.App.4th 601, 607-608 (holding that the sale of a product involved interstate commerce, and that the FAA applied, because the product was manufactured outside of California and transported in California on interstate highways.) Further, the Arbitration Agreement neither opts out of the FAA nor expresses application of California's state law. Instead, the Arbitration

Agreement expressly states that covered disputes "shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act . . . " *Milliron Decl.,* Exhibit A, ¶ 2.

Accordingly, the FAA and related federal law apply to the issues set forth in this Motion.

### 1.  The FAA exception does not apply

Defendants anticipate that Plaintiff may argue that the FAA is inapplicable because the claims at issue fall under a narrow exception to the application of the FAA.  Specifically, Defendants anticipated that Plaintiff will contend his claims fall within the FAA's exception for "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" as set forth in the FAA § 1.  However, Plaintiff is not within the scope of Section 1 because he never crossed state lines.

It is Plaintiff's burden to prove that the FAA does not apply. (*Gilmer v. Insterstate/Johnson Lane Corp.*, 500 U.S. at 35.) The exception in Section 1 applies specifically and solely to "transportation workers" like seamen and railroad employees whose duties include foreign or interstate deliveries; and any other exempt workers must be defined in light of the narrowness of these two categories. (*Circuit City Stores, Inc. v. Adams* (2001) 532 U.S. 105, 115-118.)   In turn, subsequent cases have strictly construed Section 1 to apply only to truck drivers whose duties include interstate deliveries – *i.e.* actual crossing of state lines.[1]  Here, Plaintiff never crossed state lines while providing delivery services for Defendants. *Olvera Decl.* ¶4.   Therefore, Plaintiff is not part of any "class of workers engaged in foreign or interstate commerce" because there is no evidence he ever crossed

---

[1] To the extent that Plaintiff argues that Section 1 exemption should apply to any "transportation worker" who is otherwise within the FAA's jurisdiction, this argument was rejected by the Supreme Court long ago. In *Circuit City,* the Supreme Court expressly rejected an attempt to conflate the "foreign or interstate commerce" requirement in Section 1, which is strictly construed, with the "involving commerce" jurisdictional statement in Section 2 of the FAA, which is broadly construed.  *See Circuit City Stores*, 532 U.S. at 114.

state lines when providing trucking services. (*See Int'l. Bro. Teamsters Local Union No. 50 v. Kienstra Precast, LLC* (7th Cir. 2012) 702 F.3d 954, 957-958 [exemption for "transportation workers" *only* applied because truckers based in Illinois crossed state lines and made eight "interstate deliveries"]; *Kowalewski v. Samandarov* (S.D.N.Y. 2008) 590 F. Supp. 2d 477, 485 [exemption *did not* apply where drivers crossed state lines but primarily carried people rather than goods].) Put simply, while the fact that the Plaintiff transported foreign or interstate goods, within California, brings Plaintiff within the applicability of the FAA under Section 2, that same fact does not render Plaintiff an exempt worker pursuant to Section 1.

Therefore, enforcement of the Arbitration Agreement under the FAA is appropriate.[2]

## B. The Parties Entered Into Valid Agreements to Arbitrate Their Claims

### 1. Plaintiff Executed the Arbitration Agreement, Which Covers the Subject Claims

Plaintiff electronically signed the Arbitration Agreement. That agreement encompasses the subject claims. It specifically includes "any claim, dispute, and/or controversy...arising from, related to, or having any relationship or connection whatsoever...with Worksite Employer and AVITUS GROUP..."  Further included within the scope of this Agreement are "all disputes, whether based on tort, contract, statute (including but not limited to, any claims of discrimination and harassment, whether they be based on...any other state or federal law or regulation), equitable law, or otherwise..." *Milliron Decl.*, ¶ 5; Exh. A.

Based on Plaintiff's refusal to submit to arbitration, Defendants anticipate Plaintiff may dispute his electronic signature on the Arbitration Agreement. The

---

[2] Further, because the FAA governs the Arbitration Agreement, Plaintiff cannot rely on the arbitration exclusions contained in Labor Code section 229 as the foregoing statute is preempted.  *See, Perry v. Thomas* (1987) 482 U.S. 483, 492.

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

undisputed evidence confirms otherwise.

Initially, Plaintiff's electronic signature is effective to bind Plaintiff; a physical signature is not required. *Cal. Civ. Code* § 1633.7. The electronic signature can be established to be the act of Plaintiff "in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." *Cal. Civ. Code* § 1633.9(a). Avitus' records confirm that Plaintiff created a unique and private user name and password and used them to access, review and sign the Arbitration Agreement. *Staus Decl.*, at ¶ 5-12. Thus, Defendants have met their burden of demonstrating plaintiff signed the Arbitration Agreement. *See Espejo v. Southern California Permanente Medical Group* 246 Cal.App.4th 1047, 1062 (2016).

### C. <u>The Arbitration Agreement Is Valid and Enforceable</u>

Arbitration agreements must be enforced unless they are both procedurally and substantively unconscionable. *Armendariz v. Foundation Health Psychcare Services, Inc.,* 24 Cal.4th 83, 114 (2000) . A sliding scale is invoked whereby the less procedurally oppressive the arbitration clause, the more evidence of substantive unconscionability is required. *Mercuro v. Superior Court* 96 Cal.App.4th 164, 174 (2002). Plaintiff is unable to show either procedural or substantive unconscionability.

#### 1. <u>The Arbitration Agreement is Virtually Identical to the Agreement Upheld by the California Supreme Court in *Little v. Auto Stiegler*</u>

In *Little v. Auto Stiegler, Inc.,* 29 Cal.4th 1064 (2003), the California Supreme Court enforced an arbitration agreement that is virtually identical to the Arbitration Agreement. (Compare arbitration agreement quoted in *Little* at 1070-71 with the Arbitration Agreement *Milliron Decl.*, ¶ 5, Exh. A.) Indeed, the only difference between the agreements is that the Arbitration Agreement does not

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

contain the appellate review provision severed by the *Little* court. *Id*.

In *Nelsen v. Legacy Partners Residential, Inc.,* 207 Cal.App.4th 1115, 1124-25 (2012), the California Court of Appeal was similarly presented with an agreement that was virtually identical to the agreement in *Little*. In response, the *Nelsen* court held that there is no need to engage in a substantive unconscionability analysis: "In this case, the issue of whether the clause in question is substantively unconscionable has already been addressed by the California Supreme Court in *Little*." *Id*. Similarly, in *Marshall v. Pontiac,* 287 F.Supp.2d 1229, 1232 (S.D. Cal. 2003), the court ruled as follows when it was presented with an arbitration agreement that was virtually identical to the agreement in *Little*:

> Although the Court would normally examine both prongs of plaintiff's unconscionability argument and then proceed to weigh the two, that exercise is unnecessary in this instance because the result here is dictated entirely by the California Supreme Court's decision in *Little*.
>
> As is readily apparent, aside from the underlined portions and minor grammatical discrepancies, the agreement at issue in this case is an exact replica of the one in *Little*. Consequently, the proper resolution of plaintiff's unconscionability argument lies in the analysis and outcome of *Little*.

*Id*. at 1232 (emphasis added). Simply put, because *Little* mandates enforcement of the Arbitration Agreement, this Court need not engage in an unconscionability analysis. Even if an unconscionability analysis were necessary, the Arbitration Agreement is not unconscionable.

## 2. **The Arbitration Agreement Is Not Procedurally Unconscionable.**

The procedural element of unconscionability "focuses on oppression or surprise due to unequal bargaining power." *Sonic–Calabasas A, Inc. v. Moreno*

1   (Sonic II) 57 Cal.4th 1109, 1133 (2013). But the inability to negotiate the terms of
2   an agreement does not render it so procedurally unconscionable to be
3   unenforceable. *See Lagatree v. Luce Forward, Hamilton & Scripps* (1999) 74
4   Cal.App.4th 1105, 1127. Indeed, such agreements are an "inevitable fact of life for
5   all citizens" and do not establish procedural unconscionability sufficient to bar the
6   enforcement of a voluntary agreement. *Graham v. Scissor-Tail, Inc.* 28 Cal.3d 807,
7   817-818 (1981).

8       Moreover, an arbitration agreement is not procedurally unconscionable
9   simply because the employer insists that the employee sign the agreement as a
10  condition of employment. *See*, e.g., *Roman v. Superior Court* 172 Cal.App.4th
11  1462, 1470-71 (2009) (arbitration agreement presented on "take-it-or-leave-it basis
12  with no opportunity to negotiate" not unconscionable since the "Supreme Court has
13  acknowledged that adhesion contracts in the employment context typically contain
14  some measure of procedural unconscionability" and whatever "procedural
15  unfairness is inherent in an adhesion agreement in the employment context" was
16  "limited in this case" because the "arbitration provision was not buried in a lengthy
17  employment agreement").

18      In *Dotson v. Amgen, Inc.* 181 Cal.App.4th 975 (2010), the arbitration
19  agreement was a condition of plaintiff's employment, was presented on a "take-it-
20  or-leave-it" basis and there was significant economic disparity between employer
21  and employee. *Id.* at 978-981. Still, the court compelled arbitration, reasoning:

22          In employment cases, the agreement is typically
            prepared by the employer, and presented to the
23          employee as a condition of employment without
            negotiation regarding its terms. **As such, the judicial**
24          **discussion focuses on whether the employee is**
            **getting a fair shake in being required to resolve a**
25          **dispute in a forum which typically excludes a jury**.
            *Id*. (Emphasis added).
26

27      In *Dotson*, only a low degree of procedural unconscionability existed
28  because employment relationships are necessarily adhesive. *Id.* Also, the

agreement was "not overly-long and [was] written in clear, unambiguous language." *Id.* Because the "degree of procedural unconscionability" was "minimal," the court required a high degree of "substantive unconscionability" to render the agreement unenforceable. *Id*. at 982-985; *see also Serpa v. California Surety Investigations* 215 Cal.App.4th 695 (2013) (non-negotiable arbitration agreement enforced where it was "offered on a take-it-or-leave-it basis" because the "degree of procedural unconscionability of an adhesion agreement is low" and will be enforced "*unless the degree of substantive unconscionability is high.*") (emphasis added.)

Here, the Arbitration Agreement is a stand-alone agreement, includes clear, concise and easily understood terms and clearly identifies the rights being forfeited. *Milliron Decl.*, ¶ 5, Exh. A; *Olvera Decl.*, ¶ 5, Exh. 1.

The Arbitration Agreement is titled "Employee Acknowledgment and Arbitration Agreement" and conspicuously states in all capital letters that "EMPLOYEE UNDERSTANDS BY VOLUNATIRLY AGREEING TO THIS BINDING ARBITRATION PROVISION THAT EMPLOYEE, AVITUS GROUP, AND/OR THE WORKSITE EMPLOYER GIVE UP THEIR RIGHTS TO TRIAL BY JURY." *Milliron Decl.*, ¶ 5, Exh. A. Furthermore, to ensure that Plaintiff understood the import of the Arbitration Agreement before he signed it. Avitus included the following provisions just above the signature line: "MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS." *Id.*

As illustrated by these provisions, the Arbitration Agreement is transparent and straightforward. There is simply no basis to find that Plaintiff was subjected to "oppression" or "surprise."

/ / /

/ / /

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

### 3.  The Agreement is Not Substantively Unconscionable

In order to prove substantive unconscionability, Plaintiff must prove a "substantial degree of unfairness *beyond a simple old-fashioned bad bargain.*" *Sanchez v. Valencia Holding Co., LLC* 61 Cal.4th 899, 911 (2015) (emphasis in original). The analysis of substantive unconscionability is "highly dependent on context." *Id.* Courts analyze the "commercial setting, purpose, and effect" of the contract. Cal. Civ. Code, § 1670.5(b); *Sonic II,* 57 Cal.4th at 1147–1148; *Williams v. Walker–Thomas Furniture Co.* 350 F.2d 445, 450 (D.C. Cir. 1965) (unconscionability must "be considered 'in the light of the general commercial background and the commercial needs of the particular trade or case'"). "The ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." *Sanchez,* 61 Cal.4th at 911.

The context in which the parties entered into the Arbitration Agreement reveals that there was no "substantial degree of unfairness." The Arbitration Agreement is a plain and straightforward agreement to arbitrate the parties' disputes. As such, there is simply no language in the Arbitration Agreement that "shocks the conscience," or that is substantially unfair.

### 4.  The Agreements Satisfy All of the Armendariz Requirements

As the California Supreme Court stated in *Armendariz*, an agreement to arbitrate employment-related claims vindicating non-waivable statutory rights is enforceable if both parties are equally bound by all terms of the agreement and if the agreement: (1) mutually binds both the employer and employee to arbitration; (2) provides for a neutral arbitrator; (3) provides for more than minimal discovery; (4) provides for relief available in court; (5) provides for a written arbitration award; and (6) does not require employees to pay unreasonable costs or fees. 24 Cal.4th at 102-103, 117. Here, the Arbitration Agreement satisfies all the requirements:

### (a)      Plaintiff and Defendants are equally bound

The Arbitration Agreement obligates both Plaintiff and Defendants to arbitrate any claims arising out of the employment relationship, including the termination of that relationship. In particular, the Arbitration Agreement provides:

> [Defendants] and [Plaintiff] each agree that any claim, dispute, and/or controversy that either [Plaintiff] may have against [Defendants] (or their owners, directors, officers, managers, employees, agents, and parties affiliated with their employee benefits and health plans) or that [Defendants] may have against [Plaintiff], arising from, related to, or having any relationship or connection whatsoever with [Plaintiff] seeking employment with, employment by, termination from, or other association with [Defendants] shall be submitted to and determined exclusively by binding arbitration...

*Milliron Decl.*, ¶ 5, Exh. A.

### (b)      The Arbitration will be Conducted by a Neutral Arbitrator

The Arbitration Agreement unambiguously provides that "...any arbitrator herein shall be a retired California Superior Court Judge, and shall be subject to disqualification on the same grounds as would apply to a judge of such court ...." *Milliron Decl.*, ¶ 5, Exh. A.

### (c)      The Agreement Provides for Adequate Discovery

The Arbitration Agreement does not place any limits on discovery and expressly provides that the arbitration will be determined "exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. Sec 1280 et seq.), including section 1283.05 and all of the Act's other mandatory and permissive rights to discovery." *Milliron Decl.*, ¶ 5, Exh. A. This provides for adequate discovery. *Armendariz*, 24 Cal.4th at 106. ("when parties agree to arbitrate statutory claims, they also implicitly agree, absent express language to the contrary, to such procedures as are necessary to vindicate that claim."); *see also Sanchez v. Western*

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

*Pizza Enterprises, Inc.*, 172 Cal.App.4th 154, 177 (2009) ("[T]he absence of express provisions...allowing discovery does not render the arbitration agreement unconscionable. Rather, those terms are implied as a matter of law as part of the agreement.") Moreover, the language is identical to the language of the arbitration agreement in *Little*, which was held to provide for adequate discovery. *Little*, *supra*, 29 Cal. 4th at 1081.

### (d) The Same Relief Available in Court is Available through Arbitration

The Arbitration Agreement states that "[a]ll rules of pleading (including the right of demurrer), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and judgment under Code of Civil Procedure Section 631.8 shall apply and be observed." It further states that "[r]esolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law." *Milliron Decl.*, ¶ 5, Exh. A.

### (e) The Arbitration Agreement Requires a Written Arbitration Award

The Arbitration Agreement provides that "[a]wards shall include the arbitrator's written reasoned opinion." *Milliron Decl.*, ¶ 5, Exh. A.

### (f) Plaintiff is Not Required to Pay Any Arbitration Fees

The Arbitration Agreement does not request Plaintiff to bear any costs associated with arbitration. *Milliron Decl.*, ¶ 5, Exh. A. The Arbitration Agreement's silence on the issue of fees must be construed as requiring Defendants to pay all costs unique to arbitration. *Armendariz*, 24 Cal. 4th at 113.

Thus, all of the *Armendariz* requirements are met and arbitration must be enforced.

*/ / /*

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

**D. To The Extent Any Provision Is Unconscionable, It Must Be Severed**

If only a portion of an agreement is invalid, the Court should sever the offensive provisions and enforce the remainder of the agreement. *Id. Armendariz* guides that:

> If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance and restriction, then such severance or restriction are appropriate. *Armendariz*, 24 Cal.4th at 124.

As detailed above, the Agreements, taken as a whole, provide a fair dispute resolution process for employees. Therefore, if necessary, any unenforceable provision should be excised.

**E. Each Defendant Can enforce Arbitration Under Multiple Legal Theories**

**1. The Arbitration Agreement Specifically Applies to Avitus and Scoobeez**

The Arbitration Agreement specifically provides that Plaintiff is obligated to arbitrate his claims against Avitus and the "Worksite Employer," Scoobeez. *Milliron Decl.*, ¶ 5, Exh. A. Additionally, the other legal theories identified below permit Scoobeez to enforce the Arbitration Agreement.

**2. Scoobeez can enforce the Arbitration Agreement**

While Scoobeez is not a signatory to the Arbitration Agreement, it is entitled to enforce the provisions under multiple legal theories. Under the agency theory, Scoobeez is entitled to the benefit of the Arbitration Agreement. Alleged agents of a party to an arbitration agreement can compel arbitration so long as (1) the alleged wrongful acts of the agents relate to or are done in their capacities as agents; and (2) the claims against the alleged agents arise out of or relate to the contract containing the arbitration clause. See *Garcia v. Pexco, LLC* 11 Cal.App.5th 782, 788, (2017) (a non-signatory may enforce arbitration agreement "when a plaintiff

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS

alleges a defendant acted as an agent of a party to an arbitration agreement....”); see also *Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406, 418 (agents of Rams could compel arbitration of players' claims against them individually). Here, Plaintiff alleges the requisite joint employer/agency relationship:

> “Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees.” (Compl., ¶ 10.)

Further, a non-party to an arbitration agreement may enforce an arbitration agreement against a signatory when they are an intended third party beneficiary of an arbitration agreement. See *Doulon v. USSA Cas Ins. Co.* 167 Cal.App.4th 412, 424 (2008); see also *Mundi v. Union Sec. Life Ins. Co.* 555 F.3d 1042, 1045 (9th Cir. 2009). Here, there can be no dispute that Scoobeez is an intended beneficiary. As discussed *supra,* the Arbitration Agreement expressly states that Plaintiff agreed to arbitrate covered disputes against **both** Avitus and the Worksite Employer (*i.e.* Scoobeez). *Milliron Decl.*, ¶ 5, Exh. A ¶ 2; *Olvera Decl.*, ¶ 5, Exh. 1. Through her joint employer theory, Plaintiff confirms Scoobeez is entitled to enforce the Arbitration Agreement as an intended third-party beneficiary.

Finally, a non-signatory to an arbitration agreement may compel arbitration against a signatory on equitable estoppel grounds. *See Garcia*, 11 Cal.App.5th at 788; *Boucher v. Alliance Title Co., Inc.* 127 Cal.App.4th 262, 271-73 (2005); *Metalclad Corp. v. Ventana Envtl. Org. P'ship.* 109 Cal.App.4th 1705, 1713 (2003) (“the equitable estoppel doctrine applies when a party has signed an agreement to arbitrate but attempts to avoid arbitration by suing nonsignatory defendants for claims that are based on the same facts and are inherently

inseparable.")

Under this theory, "a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are 'intimately founded in and intertwined' with the underlying contract obligations." *Boucher*, *supra*, 127 Cal.App.4th at 271. Signatory plaintiffs making statutory claims can be compelled to arbitrate their claims against nonsignatory defendants if the claims involve "the same factual allegations" as the claims made against the signatory defendants, and thus are inherently inseparable from the claims against the signatory defendants. *See Laswell v. AG Seed Beach, LLC,* 189 Cal.App.4th 1399, 1407 (2010); *Garcia,* 11 Cal.App.5th at 784 (applying equitable estoppel theory to enforce arbitration agreement because the claims were "expressly, included as one of the types of disputes covered by the arbitration agreement."

The allegations against Defendants are identical, intertwined and interdependent. Plaintiff makes no specific and/or independent allegations against Scoobeez or Avitus. Instead, under her joint employer theory, Plaintiff asserts Scoobeez and Avitus should each be liable for the alleged conduct of the other. Put simply, the legal and factual claims against all Defendants are identical.

**F.  The Civil Action Should be Stayed Pending Arbitration or, Alternatively, Dismissed Without Prejudice.**

The 9th Circuit treats a motion to compel arbitration as a Rule 12(b)(1) motion for lack of jurisdiction. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F. 3d. 1102, 1106-07 (9th Cir. 2010). As such, because Plaintiff agreed to arbitration, Plaintiff's claims must be dismissed.

In the alternative, where a court orders arbitration of a controversy, "the court in such action shall...*stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies*." Cal. Code Civ. Pro. § 1281.4 (emphasis added); *see also Federal Ins.*

*Co. v. Superior Court* 60 Cal.App.4th 1370, 1374 (1998) (requiring stay of lawsuit pending completion of arbitration). Similarly, under the FAA, the court "shall on application of one of the parties *stay the trial of the action until such arbitration has been had* in accordance with the terms of the agreement...") 9 U.S.C. § 3 (emphasis added).

## G. Plaintiff's Claims Must be arbitrated individually

The United States Supreme Court previously held that under the FAA, "A party may not be compelled to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal. App. 4th 506, 509 [citing *Solt-Nielsen S.A. v. Animal Feeds International Corp.* 559 U.S. 662, 684-685 (2010)]. When there is "no agreement" authorizing class arbitration, "the parties cannot be compelled to submit their dispute to class arbitration." *Stolt –Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 687 (2010).) Further, "the parties mere silence on the issue of class-action arbitration [is insufficient to] constitute[]consent to resolve their disputes in class proceedings." *Id*.

Here nothing in the Arbitration Agreement authorizes class-wide arbitration. Indeed the California Court of appeal in both *Kinecta* and *Nelsen* analyzed virtually identical arbitration to the Arbitration Agreement executed by Plaintiff, and held that they did not authorize class-wide arbitration and, in turn, ordered the plaintiff to submit their respective claims to individual arbitration only. *Nelsen*, 207 Cal. App. 4th at 1129-1131 (observing that the arbitration agreement "*does not permit class arbitration*") (emphasis added); *Kinecta*, 2015 Cal. App. At 519 ("We conclude that the parties *did not agree* to authorize class arbitration in their arbitration agreement.") (emphasis added).)

Finally, the availability of class-wide arbitration is a gateway question of arbitrability that must be decided by this court rather than by an arbitrator. *See, e.g., Eshagh v. The Terminix International Company* 588 Fed.App. 703, 704 (9th

Cir. 2014); *Armenta v. Staffworks, LLC* 2017 WL 3118778 at * 3-4 (S.D. Cal. 2017) (observing that the subject arbitration agreement contained no specific language delegating any threshold question of arbitrability to the arbitrator."; *Chico v. Hilton Worldwide, Inc.* 2014 WL 5088240 at * 11 (C.D. Cal. 2014) (because the parties did not clearly and unmistakably provide otherwise, the Court, rather than the arbitrator, must decide whether the . . . Arbitration Agreements authorize class arbitration.").

## V.   <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully requests that this Court grant this motion and issue the following orders: (1) that the claims asserted in this action, be resolved through *individual* arbitration pursuant to the Arbitration Agreement; (2) this action be stayed or, alternatively, dismissed without prejudice, to permit the adjudication of this controversy through arbitration.


DATED:  July 20, 2018          LECLAIRRYAN LLP


By: _____
Rafael G. Nendel-Flores, Esq.
Guillermo M. Tello, Esq.
Attorney for Defendants
SCOOBEEZ AND AVITUS, INC.
dba AVITUS GROUP

DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION AND
TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS