1  Rafael Nendel-Flores, Esq. (State Bar No. 223358)
   Rafael.Nendel-Flores@leclairryan.com
2  Guillermo M. Tello, Esq. (State Bar No. 277896)
   Guillermo.Tello@leclairryan.com
3  LECLAIRRYAN, LLP
   725 South Figueroa Street, Suite 350
4  Los Angeles, CA 90017
   TELEPHONE: 213.337.3203
5  TELEFAX: 213.624.3755

6  Attorney for Defendants
   SCOOBEEZ AND AVITUS, INC. dba AVITUS GROUP

7

8

9
                  UNITED STATES DISTRICT COURT
10
        CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION
11

12

13 | DE'VON WALKER, on behalf of himself | Case No.: 2:18-cv-6108 AB (RAOx)
   | and others similarly situated,       |
14 |                                        | **DECLARATION OF SARAH**
   |            Plaintiff,                  | **STAUS IN SUPPORT OF**
15 |                                        | **DEFENDANTS SCOOBEEZ AND**
   |        v.                              | **AVITUS, INC.'S MOTION TO**
16 |                                        | **COMPEL INDIVIDUAL**
   | SCOOBEEZ, a California Corporation;   | **ARBITRATION AND TO**
17 | AVITUS, INC., a Montana corporation;  | **DISMISS OR, IN THE**
   | AVITUS GROUP., an unknown business    | **ALTERNATIVE, STAY THE**
18 | entity; SCOOBEEZ, INC. CORP LA., a    | **PROCEEDINGS**
   | business entity of unknown form; and  |
19 | DOES 1 through 50, inclusive,         | *[Filed concurrently with Notice of*
   |                                        | *Motion and Motion to Compel*
20 |            Defendants.                 | *Individual Arbitration and to Dismiss*
   |                                        | *or, in the alternative, Stay The*
21 |                                        | *Proceedings; Declarations of Pablo*
   |                                        | *Olvera, Jodi Milliron and Rafael G.*
22 |                                        | *Nendel-Flores; and [Proposed] Order]*

23                                          **Complaint Filed: May 29, 2018**
                                            **Trial Date:      None Set**
24

25

26

27

28
                                    1
        DECLARATION OF SARAH STAUS IN SUPPORT OF DEFENDANTS'
   MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO DISMISS OR,
            IN THE ALTERNATIVE, STAY THE PROCEEDINGS

**DECLARATION OF SARAH STAUS**

I, Sarah Staus, declare and state as follows:

1.      I am currently the Member Development Manager for Avitus, Inc. ("Avitus") a named Defendant in this action. I have personal knowledge of all of the facts set forth below, and if called upon to testify to the same, I could and would do so competently and truthfully. I make this declaration in support of Defendants' Motion to Compel Individual Arbitration and to Dismiss or, in the alternative, Stay the Proceedings.

2.      As the Member Development Manager, I am familiar with Avitus' regular business practices and its policies and procedures. In this role, I have access to Avitus' business records.

3.      Avitus, which is based in Montana, provides certain outsourced professional employer organization ("PEO") services to its clients throughout the United States, such as the administration of payroll and other outsourced human resources services. Avitus provided such PEO services to Scoobeez at the time Plaintiff De'Von Walker ("Plaintiff") provided services to Scoobeez.

4.      As part of my regular job duties as Member Development Manager for Avitus, I am familiar with the EHire computerized system ("EHire") by which users are presented with employment intake paperwork, including, but not limited to, the Employee Acknowledgement and Arbitration Agreement ("Arbitration Agreement") applicable to each user's employment. I am familiar with the process utilized by users to access EHire, the documents contained in EHire and with how users go about viewing and electronically signing those documents, when applicable.

5.      Avitus publishes the Arbitration Agreement to EHire. Prior to doing so, however, Avitus developed a procedure by which users are required to follow specific steps in order to electronically sign certain documents, including the Arbitration Agreement.

2

6.      Each user receives an email, sent to that user's personal email address, with instructions on how to create a unique personal identification number ("PIN") and a private password. Once a user receives those instructions, the user accesses a secure web page and creates their unique PIN and private password, which the user is then able to use to access EHire.

7.      Once a user has accessed EHire, they are able to securely review and electronically sign documents, including, but not limited to, the Arbitration Agreement. Neither Avitus nor the worksite employer, here Scoobeez, are able to access EHire on a user's behalf. Specifically, neither Avitus, Scoobeez nor any of their personnel or agents can access EHire on De'Von Walker's behalf or electronically acknowledge or sign any documents in EHire for or on behalf of Mr. Walker.

8.      To review and electronically sign the Arbitration Agreement, a user must: (1) sign into EHire with their unique PIN and private password; (2) click the appropriate link, which states: "To View the Arbitration Agreement Click Here"; (3) review the Arbitration Agreement which appears on the screen; (4) select an option marked "Yes" below a prompt that reads "I have read, understand, and acknowledge the information presented in the link above"; (5) enter their unique PIN below a prompt which reads "eSign Account Forms" and "Enter your PIN in the form below to approve the submission of your application information. By entering your PIN you acknowledge and approve it to be your legal signature. Note that by entering your PIN, you are also affirming that you have provided (to the best of your knowledge) true and correct information. You further acknowledge and approve the submission of this information for the use designated," thereby affirmatively stating that the user has agreed to electronically sign the document; (6) click a button titled "APPROVE".

9.      After a user enters their unique PIN to electronically sign the Arbitration Agreement and clicks "APPROVE," the Arbitration Agreement

3

1 is marked with a timestamp indicating the exact date and time that the user
2 electronically signed the document. There is no other way for EHire to create that
3 timestamp, it is only created after a user has completed all of the steps outlined
4 above. The Arbitration Agreement attached as **Exhibit A** to the Declaration of Jodi
5 Milliron includes the timestamp generated by EHire following the process outlined
6 above. A record of the user's actions is linked to that user's unique user information
7 and is electronically stored in EHire's digital vault, where records cannot be altered
8 in any way. Avitus utilized the services of a third party vendor to ensure the
9 security of documents stored in EHire's digital vault.

10      10.      A user is permitted to review his or her electronically signed copy
11 of the Arbitration Agreement at any time.

12      11.      Users are provided with contact information for Avitus' human
13 resources personnel, who are able to assist users, if necessary, in navigating EHire.
14 While human resources personnel can answer questions regarding EHire, each user
15 is still required to access EHire and personally electronically sign any required
16 documents, including the Arbitration Agreement. Avitus' human resources
17 personnel have no means of accessing EHire on behalf of users.

18      12.      I have reviewed Avitus' applicable records and have confirmed that
19 Plaintiff De'Von Walker created a PIN and password and accessed EHire, wherein
20 he electronically signed the Arbitration Agreement on September 30, 2016, 7:27:37
21 PM GMT.

22      I declare under penalty of perjury pursuant to the laws of the State of
23 California and the United States of America that the foregoing is true and correct.

24      Executed on this 20 day of July, 2018 at Billings, Montana.

25

26

27                          Sarah Staus

28
4

DECLARATION OF SARAH STAUS IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO DISMISS OR,
IN THE ALTERNATIVE, STAY THE PROCEEDINGS